OPINION
{¶ 1} Defendant-appellant James E. Plemons appeals the decision of the Montgomery County Court of Common Pleas overruling his motion to withdraw his guilty pleas filed on January 6, 2005. No hearing was conducted on said motion, and on April 14, 2005, the trial court issued a written decision denying the motion. Plemons filed a notice of appeal with this Court on April 28, 2005. For the following reasons, the judgment of the trial court will be affirmed.
 I {¶ 2} Plemons was originally indicted for aggravated possession of a controlled substance in violation of R.C. §2925.11(A) on August 18, 2003.[1] On September 10, 2003, Plemons was indicted a second time for the illegal manufacture of methamphetamine, in violation of R.C. § 2925.04(A), and possession of chemicals with intent to manufacture methamphetamine, in violation of R.C. § 2925.041(A).[2] On November 3, 2003, Plemons was indicted a third time, again, for the illegal manufacture of methamphetamine.[3]
 {¶ 3} In return for dismissal of the one count of possession of chemicals with intent to manufacture methamphetamine, Plemons pled guilty to the remaining charges of aggravated possession of a controlled substance and two counts of illegal manufacture of methamphetamine on February 13, 2004. Prior to sentencing on those charges, Plemons was arrested for possession of heroin, in violation of R.C. § 2925.11(A), and indicted on March 2, 2004.[4] On May 6, 2004, Plemons pled guilty to the possession charge.
 {¶ 4} The trial court sentenced Plemons to eleven months for the possession of oxycodone and heroin and six years incarceration for each count of illegal manufacture of methamphetamine, all sentences to be served concurrently. Plemons driver's license was also suspended for six months.
 {¶ 5} As previously mentioned, Plemons filed a motion to withdraw his guilty pleas on January 6, 2005, and the trial court subsequently overruled said motion on April 14, 2005.
 {¶ 6} It is from this judgment that Plemons now appeals.
 II {¶ 7} Plemons sole assignment of error is as follows:
 {¶ 8} "THE COURT ERRED IN FAILING TO GRANT A HEARING IN THIS MATTER AND IN OVERRULING THE APPELLANT'S MOTION TO WITHDRAW PLEA."
 {¶ 9} In his only assignment, Plemons contends that the trial court erred when it denied his motion to withdraw his pleas without a hearing because he did not enter the pleas knowingly and voluntarily. A confessed heroin addict, Plemons argues that the withdrawal of his pleas was necessary to correct a manifest injustice. Essentially, Plemons asserts that his heroin addiction prevented him from understanding the proceedings against him and that his counsel provided ineffective representation by not informing the court of his condition and falsely promising him that he would receive only two years incarceration if he pled guilty to the offenses. We disagree.
 {¶ 10} Crim. R. 32.1 provides that a trial court may grant a defendant's post-sentence motion to withdraw a guilty plea only to correct a manifest injustice. State v. Bush (2002),96 Ohio St.3d 235, 773 N.E.2d 522, 2002-Ohio-3993. "A motion made pursuant to Crim. R. 32.1 is addressed to the sound discretion of the trial court, and the good faith, credibility and weight of the movant's assertions in support of the motion are matters to be resolved by that court." State v. Smith (1977),49 Ohio St.2d 261, 361 N.E.2d 1324. The term "abuse of discretion" connotes more than an error of law or judgment; rather, it implies that the trial court acted in an unreasonable, arbitrary, or unconscionable manner. State v. Adams (1980),62 Ohio St.2d 151, 157, 404 N.E.2d 144.
 {¶ 11} When, as in the case before us, the movant seeks to withdraw his guilty plea after the trial court has imposed a sentence, he bears the burden of establishing the existence of a manifest injustice. Smith, supra at ¶ 1 of the syllabus. A defendant can only establish a manifest injustice in "extraordinary cases." Id. at 264. A manifest injustice has been defined by the Ohio Supreme Court as a "clear or openly unjust act." State ex rel. Schneider v. Kreiner (1998),83 Ohio St.3d 203, 208, 699 N.E.2d 83. A post-sentence motion to vacate a plea is only permitted in extraordinary circumstances because the "accused might be encouraged to plead guilty to test the weight of potential punishment and withdraw the plea if the sentence was unexpectedly severe." State v. Peterseim (1980),68 Ohio App.2d 211, 428 N.E.2d 863.
 {¶ 12} In State v. Hartzell (August 20, 1999), Montgomery County App. Case No. 17499, we stated the following:
 {¶ 13} "Matters outside the record that allegedly corrupted the defendant's choice to enter a plea of guilty or no contest so as to render the plea less than knowing and voluntary are proper grounds for an R.C. 2953.21 petition for post-conviction relief. In 1996, the General Assembly limited the number of such petitions to but one, which must be filed within 180 days after the time for appeal has expired, absent certain narrow showings that R.C. 2953.23(A) requires. Since then, grounds formerly presented in support of petitions for post-conviction relief are now more frequently employed to support Crim. R. 32.1 motions, which are not subject to similar limitations. Nevertheless, the availability of R.C. 2953.21 relief on those same grounds removes them from the form of extraordinary circumstance demonstrating a manifest injustice which is required for Crim. R. 32.1 relief."
 {¶ 14} With that in mind, we turn to the instant appeal wherein Plemons contends that the alleged ineffective assistance provided by his trial counsel amounts to a manifest injustice requiring withdrawal of his guilty pleas. In view of our holding in Hartzell, supra, the representations allegedly made by Plemons' counsel to him with respect to sentencing could have properly been the subject of a petition for post-conviction relief made pursuant to R.C. § 2953.21. The same rationale applies to Plemons' assertion that his plea was not made knowingly and voluntarily because his heroin addiction negatively affected his comprehension of the guilty pleas he was entering on the offenses for which he was charged. It is undisputed that Plemons did not file his Crim. R. 32.1 motion to withdraw until approximately eight months after his final plea hearing and sentencing. Thus, he is unable to establish that a manifest injustice resulted requiring relief pursuant to Crim. R. 32.1.
 {¶ 15} Additionally, it should be noted that a defendant's own self-serving declarations or affidavits are insufficient to rebut the record on review which shows that his plea was voluntary. State v. Kapper (1983), 5 Ohio St.3d 36,448 N.E.2d 823. Plemons' affidavit in which he claims that he did not understand the nature of his plea is clearly suspect. A review of the record of the plea hearings demonstrates that before the trial court accepted Plemons' guilty pleas, the judge, pursuant to Crim. R. 11, asked him if he was under the influence of any substance that could impair his ability to comprehend the nature of the proceedings. In every instance, Plemons stated on the record that he was not impaired and that he was satisfied with the quality of his legal representation.
 {¶ 16} Plemons' sister, Shelby McCoy, also provided an affidavit in which she attested to her brother's impaired state during the plea proceedings. In her brief, generalized affidavit concerning her brother's alleged condition and quality of legal representation, she merely repeats the same self-serving accusations made by Plemons in his own affidavit. Like Plemons', McCoy's affidavit is undermined by her brother's statements made on the record at his plea hearing. Lastly, we have viewed the videotape of each hearing before the trial court, and we agree with the court's observations that Plemons was not impaired and that his pleas were both knowing and voluntary.
 {¶ 17} In light of the foregoing, we find that Plemons has to demonstrate a manifest injustice necessary for Crim. R. 32.1 relief. Thus, the trial court did not abuse its discretion when it overruled Plemons' motion to withdraw his guilty pleas.
 {¶ 18} Plemons' sole assignment of error is overruled.
 III {¶ 19} Plemons' sole assignment of error having been overruled, the judgment of the trial court is affirmed.
Judgment affirmed.
. . . . . . . . . .
Grady, P.J. and Fain, J., concur.
[1] Montgomery County Case No. 2003-CR-2700.
[2] Montgomery County Case No. 2003-CR-3204.
[3] Montgomery County Case No. 2003-CR-3358.
[4] Montgomery County Case No. 2004-CR-0663.