The STATE of Ohio, Appellee,

v.

TURNER, Appellant.

[Cite as State v. Turner, 171 Ohio App.3d 82, 2007-Ohio-1346.]

Court of Appeals of Ohio,
Second District, Clark County.

No. 06CA0084.

Decided March 23, 2007.

Stephen Schumaker, Clark County Prosecuting Attorney, and William H. Lamb, Assistant Prosecuting Attorney, for appellee.

James D. Owen, for appellant.

GRADY, Judge.

{¶ 1} Defendant, Jeremy Turner, appeals from an order of the court of common pleas overruling Turner's Crim.R. 32.1 motion to withdraw his guilty plea.

{¶ 2} On March 31, 2003, Turner entered a negotiated plea of guilty to voluntary manslaughter, R.C. 2903.03, a first-degree felony, to which a firearm specification was attached pursuant to R.C. 2941.141.

{¶ 3} At the hearing on the guilty plea, the prosecutor represented that Turner's voluntary manslaughter offense arose from a drug deal in which several persons from whom Turner planned to purchase marijuana made an effort to rob Turner, and in the process one of them pulled a gun and pointed it at Turner while two others struck him. Turner then pulled and fired a .45-caliber semiautomatic pistol. Shots were exchanged, and one of the shots struck and killed one of the other men, Nicholas McQuirt.

{¶ 4} On April 30, 2003, Turner was sentenced to terms of imprisonment of nine years for voluntary manslaughter and three years for the gun specification, to be served consecutively, for a total of 12 years' incarceration.

{¶ 5} More than two years after his sentence was imposed, on June 2, 2006, Turner filed a Crim.R. 32.1 motion to withdraw his guilty pleas, claiming ineffective assistance of counsel. Turner's motion argued two grounds for his claim.

{¶ 6} First, Turner argued that his trial counsel had failed to request discovery from the state and that Turner was therefore unaware that a report of an autopsy of the victim indicated that his death was caused by a "small caliber gunshot wound," which was inconsistent with the type of wound that would be caused by a .45–caliber pistol, the weapon Turner used. Turner's claim was supported by an affidavit of his current attorney, who attested that Dr. Patrick M. Fardal, former chief forensic pathologist for the Franklin County coroner, opined that "[t]he measurements of the [fatal wound] given in the autopsy report do not fit a .44– or .45–caliber weapon."

{¶ 7} As the second ground for his ineffective-assistance claim, Turner argued that his trial counsel had incorrectly advised him that a claim of self-defense was unavailable to him because Turner was engaged in criminal activity, an attempt to purchase drugs, when the shooting occurred. The claim was supported by copies of statements made by witnesses, who said that more than five shots were exchanged the night of the shooting, and by a copy of a letter from Turner's trial counsel dated December 4, 2003, and addressed to Turner at the Warren Correctional Institute. It states:

{¶ 8} "Dear Jeremy:

{¶ 9} "Re: Your letters of 11/7/03 and 11/19/03

{¶ 10} "I told you case law indicates to me that, since you were in the act of committing a crime when the shooting occurred, the defense of self-defense was not available to you. I did not tell you the quantity of marijuana, which you were

there to purchase, had anything to do with the availability of the defense of self-defense.

{¶ 11} "You were convicted of voluntary manslaughter, which is a first-degree felony. Involuntary manslaughter is also a first-degree felony, so the potential penalties for the two are the same.

Very truly yours,

RONEMUS & HEATH CO LPA

/S/ James E. Heath

Attorney at Law"

{¶ 12} The state filed a memorandum opposing Turner's motion to withdraw his guilty plea. The state argued that Turner's proper avenue of relief is an R.C. 2953.21 petition for postconviction relief and that the availability of that relief demonstrates the lack of extraordinary circumstances necessary to the "manifest injustice" burden imposed by Crim.R. 32.1, citing *State v. Plemons* (March 31, 2006), Montgomery App. No. 21039, 2006-Ohio-1608, 2006 WL 827390. The state also argued that Turner failed to demonstrate that a self-defense claim was available to him. Finally, the state presented an affidavit of Dr. Robert Stewart, the pathologist who performed the autopsy, who explained that the phrase "small caliber gunshot wound" in his autopsy report "refers to a bullet measuring less than 0.50" in diameter," and who opined that the gunshot wound he observed and reported "is compatible with a bullet in the 0.45" caliber range."

{¶ 13} Following his motion, on June 15, 2006, Turner requested a hearing on his claims and the relief he sought. On July 10, 2006, Turner sought discovery in connection with his motion. On July 17, 2006, the trial court overruled Turner's motion to withdraw his guilty plea, without a hearing. The court wrote:

{¶ 14} "Considering the substantial period of time that has elapsed since the defendant entered his guilty plea, the admitted factual truth of the guilty plea and the factual admissions that came from the plea, plus the affidavit of Dr. Stewart, that is not seriously undermined by the defendant's conclusory, second-handed affidavit from the defense counsel, and all the other facts in this case which occurred several years ago, it is the opinion of the Court that the defendant's claims are not well taken. Defendant's allegations do not rise to the level of manifest injustice."

{¶ 15} Turner filed a timely notice of appeal. He presents three assignments of error.

## First Assignment of Error

{¶ 16} "The trial court erred when it refused to grant defendant-appellant's motion to withdraw guilty plea where said plea was made in reliance on defense

counsel's erroneous statements that defendant-appellant could not assert the affirmative defense of self-defense."

## Second Assignment of Error

{¶ 17} "The trial court erred when it refused to grant defendant-appellant's motion to withdraw guilty plea where the evidence indicates he did not fire the shot which led to the victim's death."

## Third Assignment of Error

{¶ 18} "The trial court erred when it denied the defendant's Crim.R. 32.1 motion to withdraw his guilty plea without first conducting a hearing."

{¶ 19} The first and second assignments of error would require us to weigh the merits of the two grounds on which Turner's motion to withdraw his guilty plea is based, in order to determine whether the trial court abused its discretion when it denied the relief that the motion requested. However, that determination, in turn, requires a review of the evidence, and no evidentiary hearing was held. Therefore, we confine our review to the third error Turner assigns.

{¶ 20} Pursuant to Crim.R. 32.1, a trial court may permit a defendant to withdraw his guilty plea after sentence has been imposed in order to correct a manifest injustice. *State v. Bush,* 96 Ohio St.3d 235, 2002-Ohio-3993, 773 N.E.2d 522; *State v. Smith* (1977), 49 Ohio St.2d 261, 3 O.O.3d 402, 361 N.E.2d 1324; *State v. Hartzell* (Aug. 20, 1999), Montgomery App. No. 17499, 1999 WL 957746 The manifest-injustice standard demands a showing of extraordinary circumstances, and the defendant bears the burden of proving the existence of a manifest injustice. *Smith.*

{¶ 21} A motion to withdraw a guilty plea is addressed to the sound discretion of the trial court, and a reviewing court will not interfere with that decision absent an abuse of discretion. *Smith.* "Abuse of discretion" connotes more than a mere error of law or an error in judgment. It implies an arbitrary, unreasonable, unconscionable attitude on the part of the trial court. *State v. Adams* (1980), 62 Ohio St.2d 151, 16 O.O.3d 169, 404 N.E.2d 144.

{¶ 22} We find no abuse of discretion in the trial court's rejection of Turner's claims concerning the autopsy report. Dr. Stewart's affidavit refuted defendant's claim concerning the import of the words "small caliber gunshot wound" that Dr. Stewart used in the autopsy report. And the court could reasonably reject as hearsay the only supporting evidence defendant offered, the affidavit of his attorney reporting the opinion allegedly stated by Dr. Fardal. However, we are of a different view concerning Turner's other ground for relief, the advice his attorney gave him, which the trial court did not address.

{¶ 23} To establish self-defense, the following elements must be shown: (1) the slayer was not at fault in creating the situation giving rise to the affray, (2) the slayer has a bona fide belief that he was in imminent danger of death or great bodily harm and that his only means of escape from the danger was in the use of force, and (3) the slayer must not have violated any duty to retreat or avoid the danger. *State v. Melchior* (1978), 56 Ohio St.2d 15, 10 O.O.3d 8, 381 N.E.2d 195. The "not at fault" requirement also means that the defendant must not have been the first aggressor in the incident. *State v. Robbins* (1979), 58 Ohio St.2d 74, 12 O.O.3d 84, 388 N.E.2d 755.

{¶ 24} In his motion, defendant argues that he was not the first aggressor and that he fired his gun in self-defense after one of the drug dealers first pulled a gun and pointed it at him. Those contentions are consistent with the prosecutor's representations at the hearing on Turner's guilty plea.

{¶ 25} The letter from Turner's trial attorney supports Turner's argument that his attorney advised Turner that a claim of self-defense was unavailable to him because Turner was engaged in a drug deal when the shooting occurred. That bar is not imposed by *Melchior* or *Robbins*. That Turner was engaged in other criminal conduct when he caused the victim's death is immaterial, so long as his criminal conduct did not give rise to the affray and he was not the first aggressor. On this record, a claim of self-defense could have been available to Turner with respect to charges arising from McQuirt's death. Further, when self-defense is proved by a preponderance of the evidence, it bars a finding of guilt beyond a reasonable doubt that is necessary for a criminal conviction. R.C. 2901.05.

{¶ 26} This court has held that matters outside the record that allegedly corrupted the defendant's choice to enter a guilty or no contest plea so as to render that plea less than knowing and voluntary, such as ineffective assistance provided by a defendant's trial counsel, are proper grounds for postconviction relief pursuant to R.C. 2953.21 and that the availability of that relief removes defendant's claims from the type of extraordinary circumstances that demonstrate a manifest injustice, which is required for Crim.R. 32.1 relief. *Hartzell*, supra; *State v. Plemons*, Montgomery App. No. 21039, 2006-Ohio-1608, 2006 WL 827390. We conclude, however, that to the extent that trial counsel's December 4, 2003 letter to defendant may have misled defendant and dissuaded him from timely seeking R.C. 2953.21 or Crim.R. 32.1 relief, it would not be appropriate, given the particular facts and circumstances of this case, to apply the rule we followed in *Hartzell* and *Plemons* to preclude defendant's present attempt to obtain relief under Crim.R. 32.1. Furthermore, the Ohio Supreme Court has distinguished between R.C. 2953.21 and Crim.R. 32.1 as alternative remedies. *Bush*, 96 Ohio St.3d 235, 2002-Ohio-3993, 773 N.E.2d 522, ¶ 11, citing *State ex rel. Tran v. McGrath* (1997), 78 Ohio St.3d 45, 47, 676 N.E.2d 108. Ineffective

assistance of counsel is a proper basis for seeking postsentence withdrawal of a guilty plea. *State v. Dalton,* 153 Ohio App.3d 286, 2003-Ohio-3813, 793 N.E.2d 509; *State v. Hamed* (1989), 63 Ohio App.3d 5, 577 N.E.2d 1111.

{¶ 27} The appropriate rule to apply in this case is that a hearing on a postsentence motion to withdraw a guilty or no contest plea is required if the facts alleged by the defendant and accepted as true would require the court to permit that plea to be withdrawn. Id. at 7, 577 N.E.2d 1111, citing *State v. Blatnik* (1984), 17 Ohio App.3d 201, 204, 478 N.E.2d 1016. Clearly, if defendant was denied an opportunity to present a self-defense claim at trial because of his trial counsel's erroneous advice that defendant was not entitled to assert that defense, the trial court would be obligated to permit withdrawal of defendant's guilty plea because counsel's deficient performance created a manifest injustice by impairing the knowing, intelligent, and voluntary character of defendant's plea. Defendant was therefore entitled to a hearing to establish the truth of the allegations of ineffective assistance of counsel asserted in his motion to withdraw his guilty plea. The trial court abused its discretion, under the test provided by *Adams,* in overruling defendant's motion to withdraw his guilty plea without conducting a hearing.

{¶ 28} Defendant's first and second assignments of error are overruled. Defendant's third assignment of error is sustained. The judgment of the trial court is reversed, and the cause is remanded to the trial court for a hearing on defendant's motion to withdraw his guilty plea.

Judgment reversed
and cause remanded.

WOLFF, P.J., and DONOVAN, J., concur.