[Cite as *State v. Johnson*, 2017-Ohio-9227.]

**IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
MONTGOMERY COUNTY**

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| *Plaintiff-Appellee* | : | Appellate Case No. 27372 |
| | : | |
| v. | : | Trial Court Case No. 2010-CR-1871 |
| | : | |
| JACQUE L. JOHNSON | : | (Criminal Appeal from |
| | : | Common Pleas Court) |
| *Defendant-Appellant* | : | |
| | : | |

. . . . . . . . . .

O P I N I O N

Rendered on the 22nd day of December, 2017.

. . . . . . . . . .

MATHIAS H. HECK, JR., by ANDREW T. FRENCH, Atty. Reg. No. 0069384, Assistant Prosecuting Attorney, Montgomery County Prosecutor's Office, Appellate Division, Montgomery County Courts Building, 301 West Third Street, Dayton, Ohio 45422
    Attorney for Plaintiff-Appellee

JACQUE L. JOHNSON, Inmate No. 635-944, Allen-Oakwood Correctional Institution, P.O. Box 4501, Lima, Ohio 45802
    Defendant-Appellant-Pro Se

. . . . . . . . . . . .

TUCKER, J.

{¶ 1} Defendant-appellant Jacque Johnson appeals from a decision of the Montgomery County Court of Common Pleas denying his motion to withdraw his guilty plea, his motion for a transcript at State's expense, and his motion for an evidentiary hearing. We conclude that the trial court did not abuse its discretion in denying the motion to withdraw the plea and the motion for a hearing as Johnson failed to demonstrate that his plea was not voluntarily and knowingly made. We further agree with the trial court that there was no appeal pending that would necessitate the preparation of a transcript for purposes of appeal. Accordingly, the judgment of the trial court is affirmed.

## I. Facts and Procedural History

{¶ 2} In July 2010, Johnson was indicted on one count of aggravated robbery with a three-year firearm specification, one count of having weapons while under disability, and one count of aggravated menacing. At that time, he was on parole for a 1983 aggravated robbery conviction. Following a plea agreement, Johnson agreed to plead guilty to aggravated robbery and the attendant firearm specification. In exchange, the State agreed to dismiss the remaining counts. Both parties agreed to a six-year prison sentence. The trial court sentenced Johnson to the agreed upon term.

{¶ 3} On August 8, 2016, Johnson filed a motion to withdraw his guilty plea. In the motion, Johnson argued that based upon the plea agreement and sentence imposed, he "had an expectancy to be released on post-release control upon May 18, 2016." However, he was notified by the Ohio Adult Parole Board that he was required to serve an additional three years in prison due to the violation of his parole related to the 1983

conviction. Thus, Johnson argued that he should be permitted to withdraw his plea in this case because the trial court did not properly advise him that the parole violation could add time to his sentence. On September 16, 2016, Johnson filed a motion for an evidentiary hearing on his motion to withdraw the plea. On September 30, 2016, he filed a motion for preparation of a complete transcript at the State's expense claiming that it was "necessary for the effective pursuit of his appeal as of right."

{¶ 4} On November 18, 2016, the trial court entered a decision and entry denying all three motions. Johnson, proceeding pro se, appeals.

## II. Analysis

{¶ 5} Johnson's appellate brief does not comport with App.R. 16(A)(1), (2), (3) or (4). However, in a "supplemental brief," Johnson does set forth the following assignment of error:

> DEFENDANT-APPELLANT JACQUE L. JOHNSON'S PLEA OF GUILTY TO AGGRAVATED ROBBERY SENTENCED THREE (3) YEARS WITH FIREARM SPECIFICATION THREE (3) YEARS RUNNING CONSECUTIVELY WAS NOT MADE KNOWINGLY OR INTELLIGENTLY WITH A TOTAL OF HIS UNDERSTANDINGS IN ACCORDANCE TO CRIM.R. 11(C)(2)(A).

{¶ 6} Johnson contends that the trial court erred by denying his motion to withdraw his guilty plea. In support, he claims that he was improperly informed about the effect that his guilty plea in this case could have on his parole in the 1983 conviction.

{¶ 7} Crim.R. 32.1 provides that a trial court may permit a defendant to withdraw

his guilty plea after sentence has been imposed in order to correct a manifest injustice. "The manifest-injustice standard demands a showing of extraordinary circumstances, and the defendant bears the burden of proving the existence of a manifest injustice." *State v. Turner*, 171 Ohio App.3d 82, 2007-Ohio-1346, 869 N.E.2d 708, ¶ 20 (2d Dist.). "The heavy standard is meant to avoid the possibility of a defendant pleading guilty to test the weight of potential punishment and later withdrawing the plea if the sentence was unexpectedly severe." *State v. Mays*, 174 Ohio App.3d 681, 2008-Ohio-128, 884 N.E.2d 607, ¶ 4 (8th Dist.), citing *State v. Makupson*, 8th Dist. Cuyahoga No. 89013, 2007-Ohio-5329, ¶ 20, fn. 7, citing *State v. Caraballo*, 17 Ohio St.3d 66, 67, 477 N.E.2d 627 (1985). A trial court's decision regarding a motion to withdraw a guilty plea will not be reversed absent an abuse of discretion. *Id.* at ¶ 5. The term "abuse of discretion" indicates an arbitrary, unreasonable, unconscionable attitude on the part of the trial court. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219, 450 N.E.2d 1140 (1983). With this standard in mind, we turn to the issue of whether the trial court erred during the plea hearing.

{¶ 8} Crim.R. 11(C) sets forth the requisite notice to be given to a defendant at a plea hearing on a felony. The court must determine that the defendant's plea was made with an "understanding of the nature of the charges and the maximum penalty involved." Crim.R. 11(C)(2)(a). "A trial court must strictly comply with Crim.R. 11 as it pertains to the waiver of federal constitutional rights" which include the right to trial by jury, the right of confrontation, and the privilege against self-incrimination. *State v. Younkers*, 2015-Ohio-2066, 33 N.E.3d 111, ¶ 24 (2d Dist.), quoting *State v. Silvers*, 181 Ohio App.3d 26, 2009–Ohio–687, 907 N.E.2d 805, ¶ 11 (2d Dist.). "However, substantial compliance with Crim.R. 11(C) is sufficient when waiving nonconstitutional rights." *Id.* "Furthermore,

when non-constitutional rights are at issue, a defendant who challenges his guilty plea on the basis that it was not knowingly, intelligently, and voluntarily made generally must show a prejudicial effect." *State v. Riddle*, 2017-Ohio-1199, __N.E.3d__, ¶ 14 (2d Dist.), citing *State v. Jennings*, 2d Dist. Clark No. 2013CA60, 2014-Ohio-2307, ¶ 7, citing *State v. Veney*, 120 Ohio St.3d 176, 2008-Ohio-5200, 897 N.E.2d 621, ¶ 17. "Prejudice in this context means that the plea would otherwise not have been entered." *Id.*

{¶ 9} The record before us contains a transcript of the plea hearing during which the following colloquy occurred:

> THE COURT: Are you on probation, parole or community control sanctions for any other offense?
>
> THE DEFENDANT: I'm on parole, post-release control, I guess. Both of them.
>
> THE COURT: Okay. Do you understand that by pleading guilty to this, the parole board can give you some additional time on either one of those?
>
> THE DEFENDANT: Yes.
>
> THE COURT: And I have nothing to do with that. That's between you and the parole board, okay? Sir, do you understand that?
>
> THE DEFENDANT: Yes, sir. I mean, yes, ma'am.

Tr. p. 3-4.

{¶ 10} We find that the trial court's advisement was sufficient to adequately inform Johnson that his plea in this case could adversely affect his parole in the unrelated case. Further, Johnson is unable to show prejudice. He admits that his sentence for this case has been served. Thus, even were we to find that he should have been permitted to

withdraw his plea, it would have no effect on his current incarceration for parole violation.

{¶ 11} We next address the issue of the trial court's failure to conduct a hearing on the motion to withdraw the plea. A hearing on a postsentence motion to withdraw a guilty or no contest plea is required if the facts alleged by the defendant and accepted as true would require the court to permit that plea to be withdrawn. *Turner*, 171 Ohio App.3d 82, 2007-Ohio-1346, 869 N.E.2d 708, ¶ 27 (2d Dist.), citing *State v. Hamed*, 63 Ohio App.3d 5, 7, 577 N.E.2d 1111 (8th Dist. 1989); *State v. Blatnik*, 17 Ohio App.3d 201, 204, 478 N.E.2d 1016 (6th Dist. 1984). The trial court could determine, by merely reviewing the transcript of the plea hearing, whether there were any misrepresentations that would necessitate the withdrawal of the plea. This is especially true since the trial judge determining the motion to withdraw is the same judge that sentenced Johnson in 2010. Thus, the trial court did not abuse its discretion when it ruled on the motion without a hearing.

{¶ 12} Finally, Johnson stated that he was requesting the transcript of the entire record in his case for purposes of his appeal. However, no notice of appeal had been filed and no appeal was pending at the time he requested the transcript of proceedings. Therefore, we cannot say that the trial court erred by overruling the motion for a transcript.

{¶ 13} Accordingly, Johnson's sole assignment of error is overruled.


### III. Conclusion

{¶ 14} Johnson's sole assignment of error being overruled, the judgment of the trial court is affirmed.

. . . . . . . . . . . . .

HALL, P.J. and FROELICH, J., concur.


Copies mailed to:

Mathias H. Heck, Jr.
Andrew T. French
Jacque L. Johnson
Hon. Barbara P. Gorman