**[Cite as *State v. Cochran*, 2021-Ohio-4589.]**

# IN THE COURT OF APPEALS OF OHIO
## SECOND APPELLATE DISTRICT
## CLARK COUNTY

|  |  |  |
|---|---|---|
| STATE OF OHIO | : | |
|  | : | |
|     Plaintiff-Appellee | : | Appellate Case No. 2020-CA-43 |
|  | : | |
| v. | : | Trial Court Case No. 1999-CR-0628 |
|  | : | |
| DARYL COCHRAN | : | (Criminal Appeal from |
|  | : | Common Pleas Court) |
|     Defendant-Appellant | : | |
|  | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on the 29th day of December, 2021.

. . . . . . . . . . .

IAN A. RICHARDSON, Atty. Reg. No. 0100124, Assistant Prosecuting Attorney, Clark County Prosecutor's Office, 50 East Columbia Street, Suite 449, Springfield, Ohio 45502
    Attorney for Plaintiff-Appellee

CHARLES W. SLICER, III, Atty. Reg. No. 0059927, 426 Patterson Road, Dayton, Ohio 45419
    Attorney for Defendant-Appellant

. . . . . . . . . . . .

TUCKER, P.J.

{¶ 1} Appellant, Daryl Cochran, argues that the trial court erred when it overruled his motion to withdraw his February 2000 guilty plea. Finding no merit to Cochran's arguments, the trial court's judgment will be affirmed.

**Facts and Procedural History**

{¶ 2} In February 2000, Cochran pleaded guilty to murder, aggravated robbery, and tampering with evidence. Cochran agreed to a 15-year to life prison sentence on the murder count, a ten-year prison sentence on the aggravated robbery count, and a five-year prison sentence on the tampering with evidence count, to be served consecutively, for an aggregate prison sentence of 30 years to life. In exchange, the State dismissed an aggravated murder count. After conducting a sentencing hearing, the trial court sentenced Cochran to the agreed-upon prison term. Cochran did not appeal from his conviction.

{¶ 3} In 2005, Cochran filed a motion to withdraw his guilty plea. The trial court overruled the motion, and we affirmed its judgment on appeal. *State v. Cochran*, 2d Dist. Clark No. 2006-CA-87, 2007-Ohio-4545. Cochran filed a second motion to withdraw his guilty plea in 2009. The trial court also overruled this motion, and we also affirmed this judgment on appeal. *State v. Cochran*, 2d Dist. Clark No. 2009-CA-49, 2010-Ohio-2917.

{¶ 4} In 2020, Cochran filed another motion to withdraw his guilty plea. The trial court overruled this motion, and Cochran now appeals from that judgment.

**Assignment of Error**

{¶ 5} Cochran's sole assignment of error is as follows:

THE TRIAL COURT ERRED IN DENYING [COCHRAN'S] MOTION TO

WITHDRAW HIS PLEA.

## Analysis

**{¶ 6}** Crim.R. 32.1 states: "A motion to withdraw a plea of guilty or no contest may be made only before sentence is imposed; but to correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his or her plea." "A manifest injustice is a clear or openly unjust act; an extraordinary and fundamental flaw in the plea proceeding." *State v. Hawke*, 2d Dist. Greene No. 2019-CA-24, 2020-Ohio-511, ¶ 13, quoting *State v. Yapp*, 2015-Ohio-1654, 32 N.E.3d 996, ¶ 8 (8th Dist.). "The manifest-injustice standard demands a showing of extraordinary circumstances, and the defendant bears the burden of proving the existence of a manifest injustice." *State v. Turner*, 171 Ohio App.3d 82, 2007-Ohio-1346, 869 N.E.2d 708, ¶ 20 (2d Dist.).

**{¶ 7}** A motion made pursuant to Crim.R. 32.1 is addressed to the sound discretion of the trial court, and a trial court's decision on a motion to withdraw a plea will not be reversed absent an abuse of that discretion. *State v. Johnson*, 2d Dist. Montgomery No. 27372, 2017-Ohio-9227, ¶ 7. "Abuse of discretion" has been defined as an attitude that is unreasonable, arbitrary, or unconscionable. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219, 450 N.E.2d 1140 (1983). A decision is unreasonable if there is no sound reasoning process that would support that decision. *AAAA Ents., Inc. v. River Place Community Urban Redevelopment Corp.*, 50 Ohio St.3d 157, 161, 553 N.E.2d 597 (1990); *Feldmiller v. Feldmiller*, 2d Dist. Montgomery No. 24989, 2012-Ohio-4621, ¶ 7.

**{¶ 8}** Cochran's appeal focuses on Sierah's Law, which went into effect on March 20, 2019. Sierah's Law established a Violent Offender Database (VOD), and it created

a presumption that a person convicted of certain violent offenses, including murder, must enroll in the VOD for a period of ten years following his release from prison.[1]  *See* R.C. 2903.41 through R.C. 2903.43.   As relevant here, the registration presumption applies to an offender, like Cochran, who was serving a term of imprisonment for a designated violent offense on the statute's effective date.   R.C. 2903.41(A)(2).

{¶ 9} Cochran asserts that the application of Sierah's Law to him violates the Retroactivity Clause of Article II, Section 28 of the Ohio Constitution.   Cochran seems to assert that such retroactive application constitutes a manifest injustice and, thus, the trial court abused its discretion by overruling his motion to withdraw his guilty plea.   But, quite recently, the Ohio Supreme Court ruled that the retroactive application of Sierah's Law "to conduct that occurred prior to its effective date does not violate the Retroactivity Clause of Article II, Section 28 of the Ohio Constitution."   *State v. Hubbard*, Ohio Slip Opinion No. 2021-Ohio-3710, __ N.E.3d __, ¶ 5.   Given this conclusion, the retroactive application of Sierah's Law to Cochran cannot constitute a manifest injustice warranting a withdrawal of Cochran's February 2000 guilty plea.

{¶ 10} Cochran also argues that, because the Sierah's Law requirements were not part of the plea negotiations, there was no "meeting of the minds" regarding the statute's registration requirements.   From this, Cochran seems to argue the parties' failure to have negotiated and agreed to the Sierah's Law requirements created a manifest injustice requiring that he be allowed to withdraw the guilty plea.

---

[1] An offender may rebut the presumptive registration requirement by filing a motion and establishing by the preponderance of the evidence that he was not the principal offender. R.C. 2903.42(A)(4).   The trial court, assuming the presumption is rebutted, may nonetheless conclude, following a hearing, that the offender must register as a violent offender.   R.C. 2903.42(A)(4)(a)(i)-(iv).

{¶ 11} When the Retroactivity Clause of the Ohio Constitution has not been violated, the application of a consequence not in existence at the time a plea was negotiated cannot, as a matter of law, trigger a conclusion that a manifest injustice has occurred. As such, this portion of Cochran's argument also fails.

## Conclusion

{¶ 12} Based upon our rejection of Cochran's arguments, his assignment of error is overruled. The judgment of the Clark County Common Pleas Court is affirmed.

. . . . . . . . . . . . .

DONOVAN, J. and WELBAUM, J., concur.

Copies sent to:

Ian A. Richardson
Charles W. Slicer, III
Hon. Richard J. O'Neill