[Cite as *State v. Wiesenborn*, 2022-Ohio-3762.]

**IN THE COURT OF APPEALS OF OHIO**
**SECOND APPELLATE DISTRICT**
**MONTGOMERY COUNTY**

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| Plaintiff-Appellee | : | Appellate Case No. 29388 |
| | : | |
| v. | : | Trial Court Case No. 2018-CR-864 |
| | : | |
| ZAREN P. WIESENBORN | : | (Criminal Appeal from |
| | : | Common Pleas Court) |
| Defendant-Appellant | : | |
| | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on the 21st day of October, 2022.

. . . . . . . . . . .

MATHIAS H. HECK, JR., by ELIZABETH A. ELLIS, Atty. Reg. No. 0074332, Assistant Prosecuting Attorney, Montgomery County Prosecutor's Office, Appellate Division, Montgomery County Courts Building, 301 West Third Street, Dayton, Ohio 45422
    Attorney for Plaintiff-Appellee

CHARLYN BOHLAND, Atty. Reg. No. 0088080 and STEPHEN P. HARDWICK, Atty. Reg. No. 0062931, Assistant Ohio Public Defenders, 250 East Broad Street, Suite 1400, Columbus, Ohio 43215
    Attorneys for Defendant-Appellant

. . . . . . . . . . . . .

TUCKER, P.J.

{¶ 1} Zaren P. Wiesenborn appeals from the trial court's decision, entry, and order overruling his post-sentence motion to withdraw a no-contest plea or, in the alternative, motion for a new sentencing hearing.

{¶ 2} Wiesenborn contends the trial court erred in relying on res judicata and the law-of-the-case doctrine when overruling the motion to withdraw his plea. He also claims the trial court erred in overruling the plea-withdrawal motion while acknowledging that it disagreed with his aggregate sentence. Finally, he asserts that the trial court should have held a new sentencing hearing in light of *State v. Patrick*, 164 Ohio St.3d 309, 2020-Ohio-6803, 172 N.E.3d 952, and its discussion of youthfulness as a mitigating sentencing factor.

{¶ 3} We conclude that the trial court did not improperly apply res judicata and the law of the case. It only applied those doctrines to the extent that Wiesenborn's plea-withdrawal motion addressed things that previously were or could have been raised on direct appeal. Insofar as Wiesenborn's motion introduced evidence outside the record, the trial court did not apply res judicata or the law of the case. The fact that the trial court "may not have" imposed the sentence imposed by a prior judge did not establish a manifest injustice warranting withdrawal of Wiesenborn's plea. And the trial court had no authority to hold a new sentencing hearing and modify Wiesenborn's sentence based on *Patrick*, which was decided after his appeals had been exhausted. Accordingly, the trial court's judgment will be affirmed.

## I. Background

{¶ 4} In October 2018, Wiesenborn pled no contest to 13 counts of rape, seven

counts of kidnapping, and 13 counts of gross sexual imposition. The charges involved his engaging in sexual activity with his partially-disabled sister. The acts occurred over a period of years when Wiesenborn was between the ages of 14 and 19 and his sister was a couple of years younger. The trial court accepted the no-contest plea and made findings of guilt. The trial court later imposed less-than-maximum but wholly consecutive sentences totaling 78.5 years in prison.

{¶ 5} A few days after sentencing, on November 13, 2018, Wiesenborn filed a motion to withdraw his no-contest plea. He argued that the aggregate sentence was "excessive" and constituted cruel and unusual punishment. He also asserted that his attorney never believed a 78.5-year sentence would be imposed. Wiesenborn then filed a notice of appeal, thereby divesting the trial court of jurisdiction to rule on the plea-withdrawal motion while the appeal was pending.

{¶ 6} On direct appeal, Wiesenborn challenged the imposition of consecutive sentences, arguing that they were unsupported by the record. He cited his expression of remorse, his lack of a criminal record, and the fact that he was only 19 years old at the time of sentencing. He also stressed that 20 of his 33 offenses had occurred while he was under age 18, including seven of the 13 rapes. Wiesenborn additionally raised an Eighth Amendment argument.

{¶ 7} In a two-to-one ruling, this court did not find the consecutive sentences clearly and convincingly unsupported by the record. *State v. Wiesenborn*, 2019-Ohio-4487, 135 N.E.3d 812, ¶ 19-23 (2d Dist.). The majority also rejected the Eighth-Amendment challenge and an assignment of error addressing the validity of

Wiesenborn's pleas. In overruling the assignment of error related to sentencing, we observed that the trial court had "considered Wiesenborn's age in imposing the sentence." *Id*. at ¶ 51. The majority noted that approximately 60 percent of his offenses had occurred while he was a juvenile and that the trial court had imposed shorter sentences for those than it did for the same offenses he had committed as an adult. *Id*.

{¶ 8} After the direct appeal was resolved, Wiesenborn filed a December 21, 2021 "supplement" to his earlier motion to withdraw his no-contest plea. His filing included an alternative motion for new sentencing hearing. Wiesenborn claimed he did not understand when he entered his plea that he effectively faced a life sentence for offenses partially committed as a juvenile. He also asserted that he and his attorney had anticipated a prison sentence of 10 to 20 years and that the aggregate sentence imposed was "uncontemplated in the plea process." Finally, Wiesenborn argued that the Ohio Supreme Court's decision in *Patrick*, 164 Ohio St.3d 309, 2020-Ohio-6803, 172 N.E.3d 952, which was decided after his appeals were completed, required a more thorough consideration of his youth to determine an appropriate sentence. Therefore, Wiesenborn sought withdrawal of his no-contest plea or a new sentencing hearing.

{¶ 9} In a January 14, 2022, decision, order, and entry, the trial court overruled Wiesenborn's November 13, 2018 plea-withdrawal motion as well as his December 21, 2021 supplement and his alternative request for a new sentencing hearing. The trial court held that res judicata and the law-of-the-case doctrine precluded consideration of issues raised in the November 13, 2018 motion that were or could have been raised on direct appeal. The trial court also found that Wiesenborn had not established a manifest injustice

warranting withdrawal of his no-contest plea. With regard to the length of Wiesenborn's sentence, the trial court determined that at the time of his plea he held a mistaken belief based on what turned out to be an erroneous prediction by his attorney. After reviewing affidavits from Wiesenborn and his trial counsel, the trial court stated: "In this matter, Defense counsel told Defendant his speculation on a sentence (the 60 year sentence the State requested) [that] he 'could not imagine' * * * and was mistaken. * * * There is nothing before the court to indicate that Defense counsel promised Defendant what the sentence would be and thereafter resulted in a higher sentence."

{¶ 10} Concerning the Ohio Supreme Court's recent decision in *Patrick*, the trial court found that the sentencing judge had considered the appropriate factors, including Wiesenborn's age, and that nothing in *Patrick* required withdrawal of the no-contest plea or supported a new sentencing hearing. Finally, the trial court rejected arguments about Wiesenborn's 78.5-year prison term effectively being a life sentence and his no-contest plea being invalid.

## II. Analysis

{¶ 11} In his first assignment of error, Wiesenborn contends the trial court abused its discretion in overruling his plea-withdrawal motion. He argues that it erred in relying on res judicata and the law of the case. He also maintains that it acted unreasonably by overruling his motion despite opining that it disagreed with his sentence.

{¶ 12} Under Crim.R. 32.1, "[a] motion to withdraw a plea of guilty or no contest may be made only before sentence is imposed; but to correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to

withdraw his or her plea." We have characterized a "manifest injustice" as "a clear or openly unjust act; an extraordinary and fundamental flaw in the plea proceeding." *State v. Hawke*, 2d Dist. Greene No. 2019-CA-24, 2020-Ohio-511, ¶ 13, quoting *State v. Yapp*, 2015-Ohio-1654, 32 N.E.3d 996 (8th Dist.), ¶ 8. "The manifest-injustice standard demands a showing of extraordinary circumstances, and the defendant bears the burden of proving the existence of a manifest injustice." *State v. Turner*, 171 Ohio App.3d 82, 2007-Ohio-1346, 869 N.E.2d 708, ¶ 20 (2d Dist.).

**{¶ 13}** A Crim.R. 32.1 motion is addressed to the sound discretion of the trial court, and its decision will not be reversed absent an abuse of that discretion. *State v. Johnson*, 2d Dist. Montgomery No. 27372, 2017-Ohio-9227, ¶ 7. "Abuse of discretion" has been defined as an attitude that is unreasonable, arbitrary, or unconscionable. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219, 450 N.E.2d 1140 (1983). A decision is unreasonable if there is no sound reasoning process that would support it. *AAAA Ents., Inc. v. River Place Community Urban Redevelopment Corp.*, 50 Ohio St.3d 157, 161, 553 N.E.2d 597 (1990); *Feldmiller v. Feldmiller*, 2d Dist. Montgomery No. 24989, 2012-Ohio-4621, ¶ 7.

**{¶ 14}** Wiesenborn first challenges the trial court's invocation of res judicata and the law-of-the-case doctrine to overrule his plea-withdrawal motion. But the trial court's ruling largely stated a truism. The trial court observed that res judicata bars any claims that were or could have been raised on direct appeal and that our appellate decision was the law of the case in the present matter. With regard to the law of the case, the trial court simply stated that "any issues resolved [in our appellate decision on direct appeal] would

apply to subsequent proceedings." This is a true statement.

{¶ 15} With regard to res judicata, the trial court stated that "issues regarding the sentence amounting to cruel and unusual punishment and any claims as to the knowing, intelligent, and voluntary nature of Defendant's plea raised in the motion are barred by res judicata." Although this statement appears to be a blanket prohibition against Wiesenborn's challenging his plea and sentence, the trial court did not apply res judicata so broadly. Wiesenborn points out that his plea-withdrawal motion was predicated on affidavits from himself and his trial counsel, as well as the Ohio Supreme Court's recent *Patrick* decision. Wiesenborn correctly notes that the affidavits and new case law could not have been addressed on direct appeal because they were not part of the appellate record. But the trial court did not actually apply res judicata to these aspects of Wiesenborn's plea-withdrawal motion. Instead, it addressed the substance of the affidavits and found that they failed to establish a manifest injustice warranting withdrawal of the no-contest plea. The trial court also examined *Patrick* and found that the sentencing judge adequately had considered Wiesenborn's youth. Because the trial court properly considered the merits of Wiesenborn's arguments insofar as they were predicated on materials outside the record, it did not erroneously apply res judicata or the law of the case to the plea-withdrawal motion or the alternative request for a new sentencing hearing.

{¶ 16} Wiesenborn also contends the trial court abused its discretion by overruling his plea-withdrawal motion despite opining that it disagreed with his sentence. He cites the trial court's observation that "while [a 78.5-year sentence] may not have been the

sentence that this judge would have imposed, this judge must still follow the law and cannot be led astray by emotion or personal conviction." Wiesenborn argues that being swayed by emotions or personal conviction is "exactly what the [manifest-injustice] standard permits a trial court to do." We disagree.

{¶ 17} It does not follow that a manifest injustice occurred simply because a reviewing judge might have imposed a different sentence. Whether a manifest injustice exists when a defendant is mistaken regarding the severity of his sentence depends on the reason for his faulty belief:

> The reason for the belief is key. If defense counsel caused the belief, what counsel exactly said must be examined. A manifest injustice does not necessarily arise merely because counsel is wrong about the sentence that is actually imposed. Only if counsel promised the defendant that a guilty plea will result in a lower sentence than is actually imposed would a manifest injustice potentially result. * * * If counsel simply made a prediction, there would be no manifest injustice. * * * In other words, counsel's erroneous advice and incorrect speculation regarding the sentence that is likely to be imposed potentially results in a manifest injustice only if counsel said that a guilty plea *will* result in a particular sentence, but not if counsel said that it *probably* will result.

(Emphasis sic.)   *State v. McComb*, 2d Dist. Montgomery Nos. 22570, 22571, 2009-Ohio-295, ¶ 9; *see also State v. Jones*, 2d Dist. Greene No. 2017-CA-27, 2018-Ohio-2219, ¶ 24, quoting *McComb.*

**{¶ 18}** Here Wiesenborn averred as follows in support of his plea-withdrawal motion:

3. In discussing my case with my attorney, I expected a sentence to be between 10-20 years in prison. My attorney told me that he couldn't envision the court giving me an effective life sentence, so I didn't think I could receive a sentence of 78.5 years.

4. Had I understood that the ultimate 78.5-year sentence was a possibility, I would have taken my case to trial.

(Wiesenborn affidavit at ¶ 3-4.)

**{¶ 19}** Wiesenborn's attorney's affidavit included the following averments:

5. I believed that Zaren had a good shot of receiving a 15-20-year prison sentence given these mitigating factors: a) Zaren took responsibility, b) he was engaged in counseling, c) most of the charges stemmed from a time when Zaren was a juvenile, and d) he had no criminal history. In my discussions with Zaren, I remember telling him that the State wanted him to get a 60-year sentence, but I couldn't imagine the court doing that and 60 years was unreasonable.

6. Additionally, at that time, I had represented individuals with murder and child-rape charges and have not seen sentences exceeding 30-35 years on a plea.

7. The ultimate 78.5-year sentence was not even close to the discussions that I had with Zaren. In my explanations to Zaren, I told him that I could not imagine the court giving him essentially a life sentence. It didn't even cross

my mind that Zaren would get that much time.

8. The 78.5-year sentence is effectively a death sentence for Zaren. It's unlike anything I've seen in my 20 years of practice.

(Wilder affidavit at ¶ 5-8.)[1]

{¶ 20} In his affidavit, Wiesenborn references what he and his attorney "envisioned" and "expected" to happen at sentencing. Defense counsel states that he "couldn't imagine" even a 60-year sentence and that the 78.5-year sentence imposed was "not even close" to what he and Wiesenborn had discussed and anticipated. Nowhere in either affidavit, however, is there an averment about counsel promising a lower sentence than actually imposed. Although defense counsel's speculation and prediction were inaccurate, Wiesenborn admitted at the plea hearing that he had not been promised anything and that there was no agreement regarding sentencing. The two affidavits do not demonstrate otherwise.

{¶ 21} Particularly in light of the deferential abuse-of-discretion standard that we must apply, we cannot say the trial court acted unreasonably in finding no manifest

---

[1] Although defense counsel now claims he never has seen a prison sentence exceeding 30-35 years following a plea to child-rape charges, he actively was participating in such a case at the time of Wiesenborn's own plea. In *State v. Brady*, 2d Dist. Montgomery No. 27763, 2019-Ohio-46, counsel represented a father accused of repeatedly raping his teen-aged daughter. The defendant pled guilty to four counts of voyeurism, five counts of pandering sexually oriented material involving a minor, and 14 counts of rape. The trial court imposed an aggregate 77-year prison sentence. In June 2018, counsel filed an appellate brief challenging the sentence. Then in October 2018, counsel participated in oral argument in *Brady*, arguing that the prison sentence was inappropriate. That same month, counsel participated in Wiesenborn's plea hearing. Notably, counsel's affidavit in this case does not say he actually told Wiesenborn that he never had seen a sentence exceeding 35 years. Therefore, we see no basis for an argument that Wiesenborn relied on a misrepresentation.

injustice warranting withdrawal of Wiesenborn's no-contest plea. The first assignment of error is overruled.

{¶ 22} In his second assignment of error, Wiesenborn challenges the trial court's denial of his alternative request for a new sentencing hearing. He argues that resentencing is required by the Ohio Supreme Court's late 2020 decision in *Patrick,* 164 Ohio St.3d 309, 2020-Ohio-6803, 172 N.E.3d 952.

{¶ 23} Upon review, we find Wiesenborn's argument to be unpersuasive. Prior to *Patrick*, the Ohio Supreme Court had held in *State v. Long*, 138 Ohio St.3d 478, 2014-Ohio-849, 8 N.E.3d 890, that a sentencing court "must separately consider the youth of a juvenile offender as a mitigating factor before imposing a sentence of life without parole." *Id*. at paragraph one of the syllabus. In *Patrick*, the Ohio Supreme Court extended this rule to a sentence involving life with parole eligibility. The majority held that in such a case a trial court separately must consider on the record a juvenile offender's youth as a mitigating sentencing factor. *Id*. at ¶ 48.

{¶ 24} In Wiesenborn's direct appeal, we noted that the trial court had "considered [his] age in imposing the sentence" and that it had imposed shorter sentences for the offenses he committed as a juvenile. *Wiesenborn,* 2019-Ohio-4487, 135 N.E.3d 812, at ¶ 51. Nevertheless, Wiesenborn maintains that *Patrick* should be extended to his 78.5-year sentence by analogy and that the record does not adequately reflect the trial court's specific articulation of youthfulness as a mitigating factor.

{¶ 25} But whatever additional consideration of youthfulness Wiesenborn believes *Patrick* mandates, he cannot invoke that decision to obtain a new sentencing hearing. We

affirmed Wiesenborn's conviction on direct appeal on November 1, 2019. The Ohio Supreme Court denied review on March 11, 2020, and denied reconsideration on May 12, 2020. The Ohio Supreme Court decided *Patrick* on December 22, 2020, which Wiesenborn acknowledges was after his appeals had been completed.

{¶ 26} "A new judicial ruling may be applied only to cases that are pending on the announcement date. * * * The new judicial ruling may not be applied retroactively to a conviction that has become final, i.e., where the accused has exhausted all of his appellate remedies." *Ali v. State*, 104 Ohio St.3d 328, 2004-Ohio-6592, 819 N.E.2d 687, ¶ 6. Wiesenborn had no legal right to the application of *Patrick* to his case, even if we assume purely arguendo that it had some benefit to him, because he had no appeal pending when *Patrick* was decided. *See State v. Hawkins*, 2d Dist. Clark No. 2015-CA-16 (Decision and Entry, March 2, 2022) (refusing to apply *Patrick* on delayed reconsideration and holding that the rule of *Patrick* is procedural and does not apply retroactively). [2] Furthermore, the trial court had no authority simply to vacate Wiesenborn's sentence, which was final, and to hold a new sentencing hearing.[3] *State v. Carlisle*, 131 Ohio St.3d 127, 2011-Ohio-6553, 961 N.E.2d 671. For these reasons, the trial court did not err in denying Wiesenborn's alternative request for a new sentencing hearing. The second assignment of error is overruled.

---

[2] We note that on July 5, 2022, the Ohio Supreme Court accepted jurisdiction in *Hawkins* to decide whether "[t]he rule announced in *State v. Patrick* is substantive and must be given retroactive effect." *See State v. Hawkins*, 167 Ohio St.3d 1450, 2022-Ohio-2246, 189 N.E.3d 822.

[3] Having found that *Patrick* did not entitle Wiesenborn to a new sentencing hearing, we need not resolve the State's alternative argument that *Patrick* effectively was overruled by *Jones v. Mississippi*, __ U.S. __, 141 S.Ct. 1307, 209 L.Ed.2d 390 (2021).

## III. Conclusion

**{¶ 27}** The judgment of the Montgomery County Common Pleas Court is affirmed.

. . . . . . . . . . . . .

WELBAUM, J., concurs.

DONOVAN, J., dissents:

**{¶ 28}** I would reverse the judgment of the trial court for a multitude of reasons. First, I would find that *Patrick,* 164 Ohio St.3d 309, 2020-Ohio-6803, 172 N.E.3d 952, must be given retroactive effect to Wiesenborn's case. As emphasized by the Ohio Supreme Court, a new decision ordinarily "does not apply to convictions that were final when the decision was announced. But 'courts must give retroactive effect to new substantive rules of constitutional law.   Substantive rules include * * * rules prohibiting a certain category of punishment for a class of defendants because of their status or offense.' "   *State v. Moore,* 149 Ohio St.3d 557, 2016-Ohio-8288, 76 N.E.3d 1127, ¶ 97, quoting *Montgomery v. Louisiana,* 577 U.S. 190, 136 S. Ct. 193, L.E.2d 599 (2016). The decision in *Patrick* is like the decision in *Montgomery* because it addresses the consideration/factors that must be given to a defendant's youth (offenses committed while a juvenile) when sentencing that defendant to a term which is effectively life without parole. Accordingly, I would find *Patrick* is substantive for retroactive purposes and therefore apply it retroactively upon review of Wiesenborn's request to withdraw his plea. Indeed, his motion was pending in the trial court when we decided Wiesenborn's direct appeal.

**{¶ 29}** I would further find that Wiesenborn is minimally entitled to resentencing

under *Patrick.* Significantly, in *Patrick*, the Ohio Supreme Court found that a trial court must separately consider the youth of a juvenile offender as a mitigating factor before imposing a life sentence (Wiesenborn's sentence is effectively life), even if the sentence includes eligibility for parole. I remain firmly convinced that Wiesenborn's disposition fails to reflect that the court specifically considered Wiesenborn's youth at the time the majority of his offenses were committed. Unquestionably, youth matters under both the United States and Ohio Constitutions. I recognize finality is important, but "the benefits of finality must be balanced with the principles of fairness." *Moore,* 149 Ohio St.3d 557, 2016-Ohio-8288, 76 N.E.3d 1127, at ¶ 122 (O'Connor, C.J., concurring.) In my view, *Patrick* only cements the fact that Wiesenborn's direct appeal was wrongly decided, as I emphasized in my original dissent.

**{¶ 30}** Furthermore, the facts and circumstances of Wiesenborn's plea and disposition do rise to the level of manifest injustice warranting setting aside his pleas. Wiesenborn's lawyer's characterization of the sentence as "unimaginable" equates with a disposition that "shocks the conscience." A sentence that "shocks the conscience" fairly characterizes the manifest injustice standard, which is largely undefined. The trial court completely failed to consider the relevant and mandatory factor of youth in fashioning an appropriate sentence. I concede a lengthy sentence is justifiable, but not one of 78.5 years which wholly fails to account for youth and the prospect of rehabilitation after a period of punishment and deterrence. Wiesenborn was denied due process, which is necessarily a manifest injustice as a matter of law. On this record, Wiesenborn has established a fair and just reason to withdraw his plea.

**{¶ 31}** I also reject the majority's criticism of trial counsel's affidavit. The majority seeks to undermine counsel's averments by reference to another appeal he handled in a separate case. Significantly, he was not trial counsel in that case, and that defendant was an adult male approaching 40 years of age. There is no legitimate comparison between the two cases, and the affidavit addresses his advice as trial counsel, not his advice in an appellate capacity.

**{¶ 32}** Finally, without question, Wiesenborn's convictions were for reprehensible offenses and warranted a lengthy period of incarceration to both deter and punish, but there is nothing in this record to establish he was irredeemable. His sentence ran afoul of the sea of case law on youthful offenders and the mandatory sentencing considerations dictated by the Ohio legislature and the Ohio and United States Constitutions.

**{¶ 33}** I would reverse.

Copies sent to:

Mathias H. Heck, Jr.
Elizabeth A. Ellis
Charlyn Bohland
Stephen P. Hardwick
Hon. Gerald Parker