[Cite as *State v. Jarrett*, 2023-Ohio-811.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

STATE OF OHIO, :

    Plaintiff-Appellee, :

    v. :

GUY JARRETT, :

    Defendant-Appellant. :

No. 111659

---

### JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** March 16, 2023

---

Criminal Appeal from the Cuyahoga County Court of Common Pleas
Case No. CR-13-574656-A

---

### *Appearances:*

Michael C. O'Malley, Cuyahoga County Prosecuting Attorney, and Daniel T. Van, Assistant Prosecuting Attorney, *for appellee.*

Mary Catherine Corrigan, *for appellant.*

MICHELLE J. SHEEHAN, J.:

{¶ 1} Defendant-appellant Guy Jarrett was convicted of aggravated murder and related offenses after a jury trial in 2014. He received a term of life imprisonment with parole eligibility after 45 years. This court affirmed his convictions in his direct appeal. Jarrett was 17 at the time he committed the

offenses. In 2017, he filed a "Motion to Correct Unlawful/Void Sentence," claiming that his sentence violates the Eighth Amendment protection against cruel and unusual punishment. The trial court, after a hearing, denied the motion.

{¶ 2} While his motion was pending, the Supreme Court of Ohio released *State v. Patrick*, 164 Ohio St.3d 309, 2020-Ohio-6803, 172 N.E.3d 952, which held that the trial court must expressly consider the youth of a juvenile offender as a mitigating factor before imposing a sentence of life imprisonment even if the sentence includes eligibility for parole. As we explain in the following, under the existing law and precedents, the trial court could not revisit Jarrett's sentence. Accordingly, we affirm its judgment denying Jarrett's motion.

**Substantive and Procedural Background**

{¶ 3} On March 9, 2013, Byron Redd and two female friends stopped at a birthday party in his neighborhood. When he and his friends were getting ready to leave in his truck, Jarrett, in an attempt to rob the occupants of the vehicle, opened the driver's door and pointed a gun inside the truck, saying "you all know what it is, give it up." Redd told the women sitting in the back of the truck to duck and tried to drive away, but the truck's gear stick jammed temporarily and Redd was unable to leave right away. Jarrett fired into the truck and continued to shoot as Redd fled in his truck, trying to drive back to his house. Jarrett fired ten bullets into the fleeing truck. Redd was struck by seven of the bullets. He eventually lost consciousness

and crashed into his own house. At the time of the incident, Jarrett was less than two months away from turning 18.

{¶ 4} Jarrett was bound over from the juvenile court to the common pleas court and charged with aggravated murder, aggravated robbery, and other related offenses. After a jury trial, he was convicted of all charges. On May 30, 2014, in a nunc pro tunc entry, the trial court sentenced him to life in prison with parole eligibility after 30 years for aggravated murder, consecutive to six years for robbery and assault offenses, in addition to nine years on the firearm specifications. He would reach parole eligibility after 45 years.[1]

{¶ 5} On August 1, 2017, Jarrett, pro se, filed a "Motion to Correct Unlawful/Void Sentence Per 8th Amendment: Cruel and Unusual Punishment." He claimed that his sentence of 45 years to life is void pursuant to *Miller v. Alabama*, 567 U.S. 460, 473, 132 S.Ct. 2455, 183 L.Ed.2d 407 (2012), which held that the Eighth Amendment forbids a sentencing scheme that mandates life in prison without possibility of parole for juvenile offenders. He claimed that the trial court,

---

[1] According to the state's representation, under S.B. 256, enacted for the purposes of allowing juvenile offenders who have been bound over to the adult court to reach their parole eligibility sooner, Jarrett would be eligible for parole after serving 25 years.

by sentencing him to life imprisonment with parole eligibility after 45 years, intended that he would never have a meaningful opportunity at parole.[2]

{¶ 6} On September 8, 2020, Jarrett, through counsel, filed an amended motion.[3] Jarrett argued that a sentence of 45 years prior to eligibility of parole failed to provide a meaningful opportunity required by *Miller* for a juvenile offender to obtain release based on demonstrated maturity and rehabilitation. Jarrett attached to the amended motion an appendix listing the life expectancy at different ages by sex and race estimated by the CDC. He noted that, according to the estimate, a black male born in 1995 like him has a life expectancy at birth of 65.2 years. Another exhibit attached to the motion was an article from Prison Policy Initiative, a non-partisan organization researching incarceration issues; according to the article, a year of incarceration decreases one's life expectancy by two years. Jarrett alleged that, based on these statistics, he would not live to see his first parole hearing.

{¶ 7} On September 11, 2020, the state filed a brief opposing Jarrett's motion. The state argued that Jarret's motion was an untimely postconviction-relief petition and, therefore, the trial court lacked jurisdiction to grant the motion. The

---

[2] Jarrett directs our attention to page 1,241 of the transcript where the trial court stated the following when addressing Jarrett: "I really fear with talk of the Instagram and all this nonsense that someone is somehow glorifying what you did. But of course, you go to prison for what could be the rest of your natural life, [and] I can't imagine the glory in that."

[3] For unknown reasons, the docket reflects that this motion was "granted" on February 9, 2018. On August 21, 2020, Jarrett, through counsel, filed a "Motion to set for Hearing Pursuant to Granted Motion to Correct Unlawful Sentence Per Eighth Amendment Cruel and Unusual Punishment." Counsel noted that, although the motion was "granted," the court had not set a hearing for resentencing.

state also argued that *Miller* did not apply because Jarrett did not receive a sentence of life imprisonment without parole. The state in addition argued that Jarrett's claim was barred by res judicata because he could have raised the constitutional claim on his direct appeal.

{¶ 8} While Jarrett's motion was pending, on December 22, 2020, the Supreme Court of Ohio decided *Patrick*, 164 Ohio St.3d 309, 2020-Ohio-6803, 172 N.E.3d 952, holding that the trial court must expressly consider the juvenile offender's age as a mitigating factor when imposing a term of life imprisonment, even if the term includes eligibility for parole.

{¶ 9} On June 6, 2022, the trial court held a hearing on the matter. Jarrett's counsel argued that Jarrett's sentence of life imprisonment with parole eligibility after 45 years was tantamount to a life term without parole eligibility because, based on his life expectancy, he is unlikely to have a meaningful opportunity to appear before the parole board. Counsel argued that the Supreme Court of Ohio's decision in *Patrick* also supported a resentencing. The state argued Jarrett's motion was an untimely petition for postconviction relief and also argued that the Supreme Court of Ohio's decisions in *State v. Harper*, 160 Ohio St.3d 480, 2020-Ohio-2913, 159 N.E.3d 248, and *State v. Henderson*, 161 Ohio St.3d 285, 2020-Ohio-4784, 162

N.E.3d 776, precluded resentencing.  The trial court denied the motion pursuant to *Harper/Henderson.*

**Instant Appeal**

{¶ 10} Jarrett raises the following two assignments of error:

I.  The trial court erred by failing to grant the appellant's motion for a resentencing.

II.  The trial court's reliance on *State v. Henderson*, [161 Ohio St.3d 285, 2020-Ohio-4784, 162 N.E.3d 776], is in error.

{¶ 11}  For ease of discussion, we address these assignments of error jointly.

**Life Imprisonment for Juvenile Offenders**

{¶ 12}  The issue of whether a juvenile could be sentenced to a life sentence without parole eligibility was decided by the Supreme Court of Ohio in *State v. Long*, 138 Ohio St.3d 478, 2014-Ohio-849, 8 N.E.3d 890.  The Supreme Court of Ohio held that a court, in exercising its discretion under R.C. 2929.03(A), which governs the imposition of sentences for aggravated murder, "must separately consider the youth of a juvenile offender as a mitigating factor before imposing a sentence of life without parole."  *Id.* at paragraph one of the syllabus, citing *Miller*, 567 U.S. 460, 473, 132 S.Ct. 2455, 183 L.Ed.2d 407 ("a mandatory life-without-parole sentence for juvenile offenders is cruel and unusual punishment").[4]  The court in *Long* held that

---

[4] In *Montgomery v. Louisiana*, 577 U.S. 190, 136 S.Ct. 718, 193 L.Ed.2d 599 (2016), the United States Supreme Court further held that *Miller* announced a substantive rule and is therefore retroactive.

the record must reflect consideration of the offender's youth as a mitigating factor when the court imposes a life term without parole eligibility on a juvenile offender.

{¶ 13} Six years after *Long*, in *Patrick*, 164 Ohio St.3d 309, 2020-Ohio-6803, 172 N.E.3d 952, a juvenile offender who received a sentence of life imprisonment with parole eligibility after 33 years argued (in his direct appeal) that the trial court failed to consider his youth when it imposed a life sentence and his sentence violated the Eighth and Fourteenth Amendments to the United States Constitution and Article I, Section 9 of the Ohio Constitution.

{¶ 14} A majority of the Ohio Supreme Court agreed and extended the holding of *Long* to juvenile offenders who are sentenced to life imprisonment *with* parole eligibility. The court determined that the difference between a sentence of life in prison with parole eligibility and a sentence of life without the possibility of parole is not material for purposes of an Eighth Amendment challenge. *Patrick* at ¶ 33. The court held that a trial court must separately consider the youth of a juvenile offender as a mitigating factor before imposing a life sentence even if the sentence includes eligibility for parole. *Id.* at ¶ 2.

{¶ 15} Subsequently, in *State v. Morris*, Slip Opinion No. 2022-Ohio-4609, a majority of the court reaffirmed its holding in *Patrick*. The issue in *Morris* was whether *Patrick* was effectively overruled by a subsequent United States Supreme Court decision, *Jones v. Mississippi*, 593 U.S.___, 141 S.Ct. 1307, 209 L.Ed.2d 390 (2021). In *Jones*, the United States Supreme Court held that "trial courts may sentence juveniles to life without parole without making a separate factual finding

of permanent incorrigibility and that an on-the-record finding is not required." *Morris* at ¶ 10, citing *Jones* at 1314-1319, 1321.

{¶ 16} The Supreme Court of Ohio determined that *Patrick* was not overruled by *Jones* because "[a] trial court's assessing that a defendant is permanently incorrigible is not the same thing as considering a defendant's youth as a mitigating factor before imposing a sentence of life in prison without the possibility of parole." *Morris* at ¶ 12. The juvenile offender in *Morris* therefore successfully challenged (in his direct appeal) his sentence of life imprisonment with parole eligibility after 38 to 43 years.

{¶ 17} There are three reasons, however, why the trial court properly denied Jarrett's motion in the instant case. First, while in both *Patrick* and *Morris* the constitutional claim was raised in direct appeal, Jarrett's motion was an untimely postconviction-relief petition. Second, even if the motion was timely, his claim would be barred by res judicata pursuant to the Ohio Supreme Court's decisions in *Harper,* 160 Ohio St.3d 480, 2020-Ohio-2913, 159 N.E.3d 248, and *Henderson,* 161 Ohio St.3d 285, 2020-Ohio-4784, 162 N.E.3d 776. Third, as the law currently stands, *Patrick* does not apply retroactively.

**Untimely Postconviction-Relief Petition**

{¶ 18} Jarrett's convictions became final on May 30, 2014, and this court affirmed his convictions in his direct appeal in *State v. Jarrett*, 8th Dist. Cuyahoga No. 101245, 2015-Ohio-1287. Jarrett captioned his motion as a "Motion to Correct Unlawful/Void sentence Per Eighth Amendment Cruel and Unusual Punishment."

Despite its caption, however, the motion is a postconviction-relief petition. *State v. Parker*, 157 Ohio St.3d 460, 2019-Ohio-3848, 137 N.E.3d 1151, ¶ 16 (a motion seeking correction of sentence filed after a direct appeal on the ground that constitutional rights have been violated is a petition for postconviction relief).

{¶ 19} Jarrett's motion, filed beyond the one-year time period, is an untimely postconviction-relief petition. While R.C. 2953.23 provides certain narrow exceptions allowing the trial court to grant untimely postconviction-relief petitions, Jarrett's situation, where he sought to have a new Ohio Supreme Court decision applied to him, does not fit into any exceptions. R.C. 2953.23(A)(1)(a) and (b). While R.C. 2953.23(A) vests a common pleas court with authority to grant relief on an untimely petition when the petitioner asserts a claim based on a new state or federal right recognized by the *United States Supreme Court*, the statute provides no exception allowing an untimely petition to be granted based on a new decision of the Supreme Court of Ohio. *Parker* at ¶ 2.[5]

**Harper/Henderson** **Bars the Claim**

{¶ 20} Even if Jarrett's motion had been timely, his Eighth Amendment claim would be barred by res judicata. In *Harper*, 160 Ohio St.3d 480, 2020-Ohio-

---

[5] R.C. 2953.23(A) provides that a trial court lacks authority to grant an untimely petition unless one of the two statutory exceptions applies. The first exception, which is the exception pertinent to this case, permits the trial court to entertain an untimely petition if both of the following apply:

> (a) Either the petitioner shows that the petitioner was unavoidably prevented from discovery of the facts upon which the petitioner must rely to present the claim for relief, or, subsequent to the period

2913, the Supreme Court of Ohio changed its void/voidable sentence jurisprudence, holding that a sentence is void only where the sentencing court lacks jurisdiction over the case or the defendant. The court held that the trial court's improper imposition of postrelease control renders a sentence voidable, not void, and therefore the error in sentencing must be challenged on direct appeal. Because appellant Harper did not challenge the sentencing error in his direct appeal, res judicata precluded him from challenging it afterward. The holding in *Harper* is subsequently extended to any claims of sentencing error in *Henderson*, 161 Ohio St.3d 285, 2020-Ohio-4784, 162 N.E.3d 776. "A sentence is void only if the sentencing court lacks jurisdiction over the subject matter of the case or personal

---

prescribed in division (A)(2) of section 2953.21 of the Revised Code or to the filing of an earlier petition, *the United States Supreme Court* recognized a new federal or state right that applies retroactively to persons in the petitioner's situation, and the petition asserts a claim based on that right.

(b) The petitioner shows by clear and convincing evidence that, but for constitutional error at trial, no reasonable factfinder would have found the petitioner guilty of the offense of which the petitioner was convicted or, if the claim challenges a sentence of death that, but for constitutional error at the sentencing hearing, no reasonable factfinder would have found the petitioner eligible for the death sentence.

(Emphasis added.)

In this case, Jarrett did not assert the recognition of a *new* federal or state right by the *Supreme Court of the United States.* While *Miller,* 567 U.S. 460, 473, 132 S.Ct. 2455, 183 L.Ed.2d 407, grants a substantive right, *State v. Moore*, 149 Ohio St.3d 557, 2016-Ohio-8288, ¶ 97-99, *Miller* is not a *new* decision issued subsequent to Jarrett's convictions. His claim based on *Patrick,* 164 Ohio St.3d 309, 2020-Ohio-6803, 172 N.E.3d 952, is equally unavailing because the statute does not provide an exception based on a new state or federal right recognized by a new *Ohio Supreme Court* decision.

jurisdiction over the accused." *Id.* at ¶ 27. Before these decisions, a sentence imposed in violation of law was considered void and subject to collateral attack in postconviction proceedings; subsequent to these decisions, errors other than those regarding the trial court's jurisdiction can only be corrected on direct appeal. *See State v. Jones*, 8th Dist. Cuyahoga No. 110855, 2022-Ohio-1674, ¶ 5.

{¶ 21} Jarrett's claim that his sentence of life imprisonment with parole eligibility after 45 years is tantamount to a life term without parole eligibility and constituted cruel and unusual punishment pursuant to *Miller* could have been raised in his direct appeal and is now barred by res judicata, pursuant to *Harper* and *Henderson.*

## Whether *Patrick* can be Applied Retroactively

{¶ 22} After Jarrett's conviction became final, the Supreme Court of Ohio decided *Patrick,* 164 Ohio St.3d 309, 2020-Ohio-6803, 172 N.E.3d 952, and held that a trial court must expressly consider the youth of a juvenile offender as a mitigating factor when sentencing a juvenile offender to a life term, even if the term includes parole eligibility. On appeal, Jarrett cites *Patrick* in support of his claim. While we have explained in the foregoing that Jarrett's request for resentencing is untimely and also barred by res judicata, for the sake of completeness, we briefly address the question of whether the trial court can revisit Jerrett's sentence in light of *Patrick.*

{¶ 23} "A new judicial ruling may be applied only to cases that are pending on the announcement date." *Ali v. State*, 104 Ohio St.3d 328, 2004-Ohio-6592, 819

N.E.2d 687, ¶ 6, citing *State v. Evans*, 32 Ohio St.2d 185, 186, 291 N.E.2d 466 (1972).

"[A] new decision does not apply to convictions that were final when the decision was announced." *Moore*, 149 Ohio St.3d 557, 2016-Ohio-8288, at ¶ 97. In *State v. Wiesenborn*, 2d Dist. Montgomery No. 29388, 2022-Ohio-3762, ¶ 26, the Second District concluded that *Patrick* may not be applied retroactively to a final conviction and the juvenile offender — who was sentenced to consecutive 78.5 years for rape and related offenses — had no legal right to have *Patrick* applied to his case because he had no appeal pending when *Patrick* was decided.

{¶ 24} While we recognize that "courts must give retroactive effect to new substantive rules of constitutional law," *Moore* at ¶ 97, we agree with the Second District that the rule announced in *Patrick* is a procedural rule and does not apply retroactively. *Wiesenborn* at ¶ 26.[6] Our determination comports with the principle that "[a]bsent statutory authority, a trial court is generally not empowered to modify

---

[6] We note that in *State v. Hawkins*, 2015-Ohio-5383, 55 N.E.3d 505 (2d Dist.), appellant filed a delayed application for reconsideration, arguing *Patrick* applied retroactively. The Second District held that *Patrick* is procedural and therefore does not apply retroactively. The Supreme Court of Ohio accepted the case for discretionary review. *State v. Hawkins*, 167 Ohio St.3d 1450, 2022-Ohio-2246, 189 N.E.3d 822. The appeal, however, was ultimately dismissed by appellant. Subsequently, the court denied review of *Wiesenborn*, where appellant claimed in one of the propositions of law that *Patrick* is substantive and must be given retroactive effect. 03/01/2023 Case Announcements #2, 2023-Ohio-580, *appeal not accepted for review, State v. Wiesenborn*, Case No. 2022-1462

a criminal sentence by reconsidering its own final judgment." *State v. Carlisle*, 131 Ohio St.3d 127, 2011-Ohio-6553, 961 N.E.2d 671, ¶ 1.

{¶ 25} While we recognize the potential merit of Jarrett's claim that the trial court should have considered his youth as a mitigating factor before sentencing him to a term that might effectively be a life term without the possibility of parole, we are nonetheless bound by the existing law and precedents. As an inferior court, we are unable to grant the relief sought by Jarrett as the law currently stands. The first and second assignments of error are overruled.

{¶ 26} The trial court's judgment is affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. Case remanded to the trial court for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
MICHELLE J. SHEEHAN, JUDGE

FRANK DANIEL CELEBREZZE, III, P.J., and
MICHAEL JOHN RYAN, J., CONCUR