[Cite as *State v. Hale*, 2023-Ohio-3199.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

BUTLER COUNTY


| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| Appellee, | : | CASE NO. CA2023-03-019 |
| | | CA2023-03-021 |
| | : | |
| - vs - | : | O P I N I O N |
| | | 9/11/2023 |
| | : | |
| JOSHUA E. HALE, | : | |
| Appellant. | : | |


CRIMINAL APPEAL FROM BUTLER COUNTY COURT OF COMMON PLEAS
Case No. CR 2000 05 0701


Michael T. Gmoser, Butler County Prosecuting Attorney, and Michael Greer, Assistant Prosecuting Attorney, for appellee.

Joshua E. Hale, pro se.



**S. POWELL, P.J.**

{¶ 1} Appellant, Joshua E. Hale, appeals the decision of the Butler County Court of Common Pleas dismissing his second, successive petition for postconviction relief as untimely. For the reasons outlined below, we affirm.

{¶ 2} On July 17, 2000, the Butler County Grand Jury returned an indictment

charging the then 17-year-old Hale with one count of first-degree felony rape with a specification of force in violation of R.C. 2907.02(A)(1)(b). The charge arose after it was alleged Hale used an object to penetrate the vagina of his girlfriend's two-year-old daughter, M.D., on the morning of June 4, 1999. Hale was found guilty following a jury trial and thereafter sentenced to a mandatory, indefinite sentence of 10-years-to-life in prison. Hale's sentence was imposed by the trial court pursuant to R.C. 2907.02(B) and 2929.13(F). Hale appealed his conviction to this court, raising four assignments of error for review. This included Hale arguing his conviction was not supported by sufficient evidence and was against the manifest weight of the evidence. This court disagreed and affirmed Hale's conviction in its entirety. *State v. Hale*, 12th Dist. Butler No. CA2002-02-037, 2003-Ohio-4448.

{¶ 3} On November 18, 2004, Hale filed his first petition for postconviction relief. The trial court denied Hale's petition on February 10, 2005. Hale did not appeal that decision. Nearly 17 years later, on December 17, 2021, Hale filed his second, successive petition for postconviction relief. To support this petition, Hale argued that the rule espoused by the Ohio State Supreme Court in *State v. Patrick*, 164 Ohio St.3d 309, 2020-Ohio-6803, that a trial court must separately consider the youth of a juvenile offender as a mitigating factor before imposing a life sentence for aggravated murder under R.C. 2929.03, even if that sentence includes eligibility for parole, should be applied retroactively to his case, thereby rendering unconstitutional the mandatory, indefinite 10-years-to-life prison sentence that he received for raping the two-year old victim in this case.

{¶ 4} On February 6, 2023, the trial court issued a decision dismissing Hale's second, successive postconviction relief petition as untimely. In so doing, the trial court determined that:

Hale has failed to establish that he was unavoidably prevented from challenging the constitutionality of his conviction and sentence. He has failed to demonstrate that he was unavoidably prevented from discovering the facts upon which he now relies in his petition. There is no citation to any decision of the United States Supreme Court recognizing a new right that could be applied retroactively to Hale's conviction and sentence.

Hale relies solely on the Ohio Supreme Court's decision in *State v. Patrick*, 164 Ohio St.3d 309, 2020-Ohio-6803. That decision was very narrowly tailored to apply to situations where a juvenile offender is being sentenced for aggravated murder pursuant to R.C. §2929.03. Hale was sentenced for the offense of rape pursuant to R.C. §2907.02(A)(1)(b).

* * *

That being the case, Hale has wholly failed to demonstrate why any of the exceptions in R.C. §2953.23(A)(1) apply. A postconviction petition for relief that is not filed within the time period set forth in R.C. §2953.23, and which only raises issues relating to sentencing errors does not vest a trial court with jurisdiction to consider the same.

{¶ 5} Hale now appeals the trial court's decision, raising the following single assignment of error for review.

{¶ 6} THE TRIAL COURT ABUSED ITS DISCRETION WHEN IT GRANTED THE STATE OF OHIO'S MOTION TO DISMISS THE DEFENDANT'S SECOND OR SUCCESSIVE PETITION FOR POSTCONVICTION RELIEF FILED DECEMBER 17, 2021.

{¶ 7} Hale argues the trial court erred by dismissing his second, successive petition for postconviction relief as untimely. To support this claim, Hale reiterates the same argument that he advanced previously in his postconviction relief petition he filed with the trial court on December 17, 2021. That is to say, Hale argues the rule espoused by the Ohio State Supreme Court in *Patrick*, that a trial court must separately consider the youth of a juvenile offender as a mitigating factor before imposing a life sentence for aggravated murder under R.C. 2929.03, even if that sentence includes eligibility for parole, applies

retroactively to his case, thereby rendering unconstitutional the mandatory, indefinite 10-years-to-life prison sentence he received for raping the two-year-old victim in this case. We disagree.

{¶ 8} Hale's petition for postconviction relief was filed well beyond any applicable time period for filing such a petition set forth by either the current or former R.C. 2953.21, thus rendering it an untimely petition for postconviction relief. R.C. 2953.23(A)(1)(a)-(b) provides certain narrow exceptions authorizing the trial court to allow for an untimely, successive postconviction relief petition.[1] Hale's situation in this case, where he sought to have the Ohio Supreme Court's decision in *Patrick* applied retroactively to him, does not fit into any of those exceptions. This is because, "[w]hile R.C. 2953.23(A)[1][a] vests a common pleas court with authority to grant relief on an untimely petition when the petitioner asserts a claim based on a new state or federal right recognized by the United States Supreme Court, the statute provides no exception allowing an untimely petition to be granted based on a new decision of the Supreme Court of Ohio." (Emphasis deleted.) *State v. Jarrett*, 8th Dist. Cuyahoga No. 111659, 2023-Ohio-811, ¶ 19, discretionary appeal not allowed, 06/20/2023 Case Announcements, 2023-Ohio-1979, citing *State v. Parker*, 157 Ohio St.3d 460, 2019-Ohio-3848, ¶ 2.

{¶ 9} This is also because, while R.C. 2953.23(A)(1)(b) permits a common pleas court to grant relief on an untimely petition where, but for constitutional error at trial, no reasonable factfinder would have found him guilty, or where, but for constitutional error at the sentencing hearing, no reasonable factfinder would have found him eligible for the death sentence, there must first be constitutional error under R.C. 2953.23(A)(1)(a). As noted

---

1. A second, alternative exception is set forth in R.C. 2953.23(A)(2), which applies in certain circumstances where DNA testing was performed. However, as there is no indication that DNA testing was involved in this case, R.C. 2953.23(A)(2) has no application to this case.

above, Hale has failed to demonstrate any constitutional error in this case. There is also no dispute that Hale was not sentenced to death, but was instead sentenced to a mandatory, indefinite sentence of 10-years-to-life in prison pursuant to R.C. 2907.02(B) and 2929.13(F). This is in addition to the undisputed fact that nowhere within Hale's postconviction relief petition does Hale argue his actual innocence of the first-degree felony rape charge for which he was tried and ultimately convicted. It is only under those circumstances that the exception set forth under R.C. 2953.23(A)(1)(b) applies. *See State v. Carter*, 12th Dist. Clinton No. CA2006-03-010, 2006-Ohio-4205, ¶ 16 ("the plain language of R.C. 2953.23[A][1][b] extends only to trial error [where, but for constitutional error at trial, no reasonable factfinder would have found the petitioner guilty of the offense of which the petitioner was convicted,] and does not extend to sentencing errors, except those occurring within the capital punishment context").

{¶ 10} In so holding, we note that when faced with a similar issue to the case at bar, the Second District Court of Appeals concluded in *State v. Wiesenborn*, 2d Dist. Montgomery No. 29388, 2022-Ohio-3762, that the rule announced by the Ohio Supreme Court in *Patrick* was a procedural rule that does not apply retroactively, and that the offender had no legal right to have *Patrick* applied to his case because he had no appeal pending when the Ohio Supreme Court issued its decision in *Patrick*. *Id.* at ¶ 26, citing *Ali v. State*, 104 Ohio St.3d 328, 2004-Ohio-6592, ¶ 6 ("[a] new judicial ruling may be applied only to cases that are pending on the announcement date"). The Eighth District Court of Appeals concluded the same in *Jarrett*, thus agreeing "with the Second District that the rule announced in *Patrick* is a procedural rule and does not apply retroactively." *Id.* at ¶ 24. In reaching this decision, the Eighth District expressly noted that, "as the law currently stands, *Patrick* does not apply retroactively." *Id.* at ¶ 17.

**{¶ 11}** Just like the Eighth District before us, we also agree with the Second District that the rule announced in *Patrick* is a procedural rule and does not apply retroactively. Therefore, similar to the holdings expressed in *Wiesenborn* and *Jarrett*, because Hale had no direct appeal pending when the Ohio Supreme Court's decision in *Patrick* was decided, Hale had no legal right to the application of *Patrick* to his case. That is assuming, of course, that *Patrick* had any application to Hale's case at all. This is because, rather than aggravated murder in violation of R.C. 2929.03, Hale was found guilty of first-degree felony rape with specification of force in violation of R.C. 2907.02(A)(1)(b). *See generally State v. Fuell*, 12th Dist. Clermont No. CA2020-02-008, 2021-Ohio-1627, ¶ 67-76 (setting forth several reasons why the Ohio Supreme Court's decision in *Patrick* may not extend beyond those cases where a juvenile offender is receiving a life sentence for aggravated murder under R.C. 2929.03), dismissing appeal as having been improvidently accepted, 168 Ohio St.3d 631, 2022-Ohio-1607. Accordingly, finding no error in the trial court's decision dismissing Hale's second, successive petition for postconviction relief as untimely, Hale's single assignment of error lacks merit and is overruled.

**{¶ 12}** Judgment affirmed.

HENDRICKSON and M. POWELL, JJ., concur.