[Cite as *State v. White*, 2023-Ohio-4499.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, | : | APPEAL NO. C-230093 |
| | | TRIAL NO. B-9308662B |
| Plaintiff-Appellee, | : | |
| vs. | : | *O P I N I O N.* |
| CHRISTOPHER WHITE, | : | |
| Defendant-Appellant. | : | |

Criminal Appeal From:  Hamilton County Court of Common Pleas

Judgment Appealed From Is:  Affirmed As Modified

Date of Judgment Entry on Appeal: December 13, 2023

*Melissa A. Powers*, Hamilton County Prosecuting Attorney, and *Keith Sauter*, Assistant Prosecuting Attorney, for Plaintiff-Appellee,

*Christopher White*, pro se.

**Bock, Judge**.

{¶1}   Defendant-appellant Christopher White appeals the Hamilton County Common Pleas Court's judgment denying his "Motion to Vacate or Set Aside Conviction." Because the lower court did not have jurisdiction to consider White's motion, we modify the court's judgment to reflect a dismissal of the motion and affirm the common pleas court's judgment as modified.

## Procedural and Factual History

{¶2}   In May 1994, White was convicted of aggravated murder with a gun specification, tampering with evidence, and unlawful possession of a dangerous ordnance, all crimes he had committed as a juvenile. The trial court imposed the agreed sentence of 25 years to life in prison. This court affirmed White's convictions on direct appeal. *State v. White*, 1st Dist. Hamilton No. C-940427, 1995 Ohio App. LEXIS 2018 (May 17, 1995).

{¶3}   In July 2021, White moved to vacate his conviction for aggravated murder, arguing that his parole hearing was conducted improperly. The common pleas court denied the motion. White did not appeal.

{¶4}   Then, in October 2022, White filed another motion to vacate his conviction for aggravated murder and his accompanying sentence. White, citing to *State v. Patrick,* 164 Ohio St.3d 309, 2020-Ohio-6803, 172 N.E.3d 952, asserted that his sentence was constitutionally invalid. In *Patrick,* the Ohio Supreme Court held that to prevent a sentence from running afoul of the federal and state constitutions' protections against cruel and unusual punishment, a trial court must expressly consider a juvenile offender's youth as a mitigating factor before sentencing a juvenile offender convicted of aggravated murder to a life term, even if the term includes parole eligibility. White argued that the sentencing court did not consider his youth as a

2

mitigating factor and therefore, his sentence was unconstitutional. White also contended that Am.Sub.S.B. No. 256 ("S.B. 256"), which became effective April 12, 2021, supports his argument that his sentence was unconstitutional. R.C. 2967.132(C)(2) was enacted by S.B. 256 and provides that certain juvenile homicide offenders are eligible for parole after serving 25 years in prison, regardless of the actual sentence imposed or when the offender was sentenced.

{¶5} In response, the state argued that the motion should be denied because *Patrick* does not apply retroactively and White's argument with respect to S.B. 256 is barred by res judicata because he could have raised this issue in his July 2021 motion to vacate his conviction and did not do so.

{¶6} The common pleas court denied the motion to vacate for the reasons cited by the state. White appeals that judgment, arguing in a single assignment of error that the court erroneously denied his motion to vacate.

### Untimely Petition for Postconviction Relief

{¶7} White did not cite to the postconviction statutes, R.C. 2953.21 et seq., when he filed his motion to vacate and/or set aside his conviction for aggravated murder and, by implication, his accompanying sentence of 25 years to life in prison. But the Ohio Supreme Court has held that a "motion to vacate a conviction" and/or "a motion to correct or vacate a sentence" is a petition for postconviction relief under R.C. 2953.21 et seq., when the motion is (1) filed after a defendant's direct appeal; (2) claims a denial of constitutional rights; (3) seeks to render the judgment void; and (4) asks the court to vacate the judgment and sentence. *State v. Reynolds*, 79 Ohio St.3d 158, 679 N.E.2d 1131 (1999); *State v. Schlee*, 117 Ohio St.3d 153, 2008-Ohio-545, 882 N.E.2d 431.

**{¶8}** White filed his motion to vacate his conviction and sentence after his direct appeal and claimed that his sentence violated the Eighth Amendment's prohibition against cruel and unusual punishment, and therefore, that his conviction and sentence should be vacated. Accordingly, the common pleas court should have recast White's motion as one for a petition for postconviction relief.

**{¶9}** Reviewing the denial of White's motion to vacate under the postconviction statutes, we note that White's motion, filed well after the one-year time period, is an untimely petition for postconviction relief. Although R.C. 2953.23 provides certain narrow exceptions allowing a common pleas court to grant untimely petitions, White's situation, where he is seeking to have a new Ohio Supreme Court decision applied to him, does not fit into any exceptions. R.C. 2953.23(A)(1)(a) and (b). While R.C. 2953.23(A) vests a common pleas court with jurisdiction to grant relief on an untimely petition when the petitioner asserts a claim based on a new state or federal right recognized by the United States Supreme Court, the statute provides no exception allowing an untimely petition to be granted based on a new Ohio Supreme Court decision. *State v. Parker*, 157 Ohio St.3d 460, 2019-Ohio-3848, 137 N.E.3d 1151, ¶ 2. Because White cannot satisfy the jurisdictional requirements under R.C. 2953.23(A), the common pleas court should have dismissed his petition. *See* R.C. 2953.21(D) and (F).

### *Patrick* Does Not Apply Retroactively

**{¶10}** Although we have already determined that the trial court lacked jurisdiction to consider White's motion to vacate, we address White's argument that the common pleas court could revisit his sentence in light of *Patrick*.

{¶11} "A new judicial ruling may be applied only to cases that are pending on the announcement date. The new judicial ruling may not be applied retroactively to a conviction that has become final, i.e., where the accused has exhausted all of his appellate remedies." *Ali v. State*, 104 Ohio St.3d 328, 2004-Ohio-6502, 819 N.E.2d 687, ¶ 6, citing *State v. Evans*, 32 Ohio St.2d 185, 186, 291 N.E.2d 466 (1972).

{¶12} White's appellate remedies were exhausted in 1994 after this court affirmed his convictions on direct appeal and he did not appeal that decision to the Ohio Supreme Court. Accordingly, *Patrick* cannot be applied to White's case as he had no appeal pending when *Patrick* was released. We agree with other appellate districts that have considered this same issue and have concluded that the rule announced in *Patrick* is a procedural rule, and thus, cannot be applied retroactively. *See State v. Wiesenborn*, 2d Dist. Montgomery No. 29388, 2022-Ohio-3762, ¶ 26; *State v. Jarrett*, 8th Dist. Cuyahoga No. 111659, 2023-Ohio-811, ¶ 24; *State v. Hale*, 12th Dist. Butler Nos. CA2023-03-019 and CA2023-03-021, 2023-Ohio-3199, ¶ 11. As the Eighth District noted, this holding "comports with the principle that '[a]bsent statutory authority, a trial court is generally not empowered to modify a criminal sentence by reconsidering its own final judgment.' " *Jarrett* at ¶ 24, citing *State v. Carlisle*, 131 Ohio St.3d 127, 2011-Ohio-6553, 961 N.E.2d 671, ¶ 1.

## Conclusion

{¶13} Because White's motion to vacate was an untimely petition for postconviction relief, the common pleas court lacked jurisdiction to consider the petition and should have dismissed it. We modify the trial court's judgment to reflect a dismissal of White's motion and affirm the trial court's judgment as modified.

Judgment affirmed as modified.

**BERGERON, P.J.,** and **WINKLER, J.,** concur.

Please note:

The court has recorded its own entry on the date of the release of this opinion.