[Cite as *State v. Wampler*, 2024-Ohio-2833.]

IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
MONTGOMERY COUNTY

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| Appellee | : | C.A. No. 29889 |
| | : | |
| v. | : | Trial Court Case No. 1982 CR 00764 |
| | : | |
| CHARLES KEITH WAMPLER | : | (Criminal Appeal from Common Pleas Court) |
| | : | |
| Appellant | : | |
| | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on July 26, 2024

. . . . . . . . . . .

TIMOTHY B. HACKETT, Attorney for Appellant

MATHIAS H. HECK, JR., by MICHAEL P. ALLEN, Attorney for Appellee

. . . . . . . . . . . . .

TUCKER, J.

{¶ 1} Defendant-appellant Charles Keith Wampler appeals from his 2023 resentencing for aggravated murder and other offenses that were committed several decades ago.   For the reasons that follow, we affirm.

## I. Factual and Procedural Background

{¶ 2} In 1982, after his case was transferred from the juvenile court to the general division of the common pleas court and after a jury trial, Wampler was convicted of aggravated murder, rape, abduction, and abuse of a corpse. Wampler was 15 years old on the night the offenses were committed; he turned 16 at midnight. Wampler was sentenced to an aggregate sentence of life with an additional nine to 30 years in prison.

{¶ 3} In 2020, the Ohio Supreme Court decided *State v. Patrick*, 164 Ohio St.3d 309, 2020-Ohio-6803, 172 N.E.3d 952, which held that a trial court must expressly consider the youth of a juvenile offender as a mitigating factor before imposing a sentence of life imprisonment, even if the sentence includes eligibility for parole. This holding was "essentially codified" in R.C. 2929.19(B)(1)(b), which lists factors to consider when sentencing a juvenile defendant. *State v. Watson*, 2023-Ohio-1469, 213 N.E.3d 1175 (5th Dist.). In July 2021, Wampler filed a motion for resentencing in which he argued that he was entitled to a new sentencing hearing in accordance with *Patrick,* because the trial court did not take his youth into consideration at his original sentencing. The trial court granted the motion, and a hearing was conducted on July 7, 2023.

{¶ 4} At the hearing, the trial court heard arguments from the State and defense counsel. The court also discussed certain factors relevant to the issue of Wampler's youth at the time he committed the offenses. Wampler was then permitted to address the court. Following Wampler's allocution, the trial court found that Wampler's youth at the time of the offense did "not mitigate the sentence that was originally imposed and [did] not warrant a lesser sentence being imposed." Tr. p. 27. The court resentenced

Wampler to the same sentence that it had originally imposed.

{¶ 5} Wampler filed a timely appeal. During the appellate process, it was discovered that the transcript of the sentencing hearing, specifically Wampler's allocution, contained numerous instances where the transcriptionist typed "(indiscernible)" because she could not understand what Wampler had said. Specifically, in six pages of statements by Wampler, there were over 80 "indiscernible" notations. Wampler filed a notice that he was unable to complete the record due to the inadequate recording of the hearing. He subsequently filed a second notice detailing steps taken to amend the record to adequately reflect the statements he had made to the court. However, no filing comporting with App.R. 9(C) was tendered to the trial court or this court. This matter is now ripe for review.

## II. Analysis

{¶ 6} Wampler's first and second assignments of error state:

THE TRIAL COURT'S FAILURE TO PRODUCE AN ADEQUATE RECORDING OF MR. WAMPLER'S ALLOCUTION AT RESENTENCING, A RIGHT THE OHIO SUPREME COURT HAS DEEMED "ABSOLUTE," VIOLATED HIS DUE PROCESS RIGHT TO MEANINGFUL APPELLATE REVIEW. CRIM.R. 32(A); APP.R.9(A)92); FIFTH AND FOURTEENTH AMENDMENTS TO THE U.S. CONSTITUTION ARTICLE I, SECTION 10 AND 16 OF THE OHIO CONSTITUTION.

THE TRIAL COURT VIOLATED MR. WAMPLER'S

CONSTITUTIONAL DUE PROCESS RIGHT TO A FAIR, NON-ARBITRARY, AND IMPARTIAL SENTENCING PROCEEDING, IN VIOLATION OF THE FIFTH AND FOURTEENTH AMENDMENTS TO THE U.S. CONSTITUTION; ARTICLE I, SECTION 16 OF THE OHIO CONSTITUTION.

**{¶ 7}** Wampler claims his allocution during the resentencing hearing refuted the findings and judgment of the trial court about his resentencing. Thus, he contends the lack of a complete transcript of his statements prevents him from being able to "raise various constitutional arguments" regarding the resentencing and also prevents this court from properly reviewing the trial court's decision.

**{¶ 8}** "The importance to meaningful appellate review of a complete, full, and unabridged transcript of the trial proceedings is well-established." *State v. Walton*, 2d Dist. Montgomery No. 20615, 2006-Ohio-1974, ¶ 13, citing *State ex rel. Spirko v. Judges of the Court of Appeals*, 27 Ohio St.3d 13, 17-18, 501 N.E.2d 625 (1986). Nevertheless, it is incumbent upon the defendant "to demonstrate how incompleteness in the record precludes effective appellate review. A general assertion that this is so will not suffice." *Id.* at ¶ 13. "Defendant must demonstrate that effective review will be precluded, and that prejudice will result from the incompleteness of the record." *Id.*, citing *State v. Williams*, 73 Ohio St.3d 153, 652 N.E.2d 721 (1995). Without an indication that the defendant has been prejudiced by the absence of items from the record, reversible error will not be found. *Id.*

**{¶ 9}** As noted above, the portion of the sentencing hearing transcript setting forth

Wampler's allocution to the court contains numerous instances where the transcriptionist indicated she was unable to discern his words. However, we disagree with Wampler's claim that these omissions prevent us from properly reviewing his statements. We also disagree with his claim that the statements rebut the trial court's findings.

{¶ 10} Instead, despite the omissions, it is quite clear that Wampler's statements were directed at claims unrelated to whether his youth at the time of the offenses was a mitigating factor sufficient to require a reduction in his sentence. Specifically, Wampler, who maintained his innocence at resentencing, argued that his convictions were improper because they were not supported by sufficient evidence. He further argued that he had been denied the effective assistance of counsel at trial and that his trial had been marred by prosecutorial misconduct. In short, Wampler did not make any statements supporting his claim that his youth should have been considered a mitigating factor at sentencing. Thus, his statements had no bearing on the decision of the trial court. Because Wampler has not shown that the transcript of the sentencing hearing was so inadequate as to prevent us from reviewing his statements, we conclude that his assignments of error are without merit.

{¶ 11} We note that, other than disagreeing with the trial court's findings, Wampler fails to set forth any claim of error in the resentencing judgment. A review of the record demonstrates the trial court considered the evidence presented by Wampler and discussed the factors relevant to his youthfulness at the time of the offenses. The record does not reveal any error in the court's findings, reasoning, conclusions, or judgment.

{¶ 12} Furthermore, though not discussed by either party, this court has limited the

application of *Patrick*. In *State v. Wiesenborn*, 2d Dist. Montgomery No. 29388, 2022-Ohio-3762, this court addressed the holding in *Patrick* in relation to a defendant who had completed all of his appeals, stating:

> "A new judicial ruling may be applied only to cases that are pending on the announcement date. * * * The new judicial ruling may not be applied retroactively to a conviction that has become final, i.e., where the accused has exhausted all of his appellate remedies." *Ali v. State*, 104 Ohio St.3d 328, 2004-Ohio-6592, 819 N.E.2d 687, ¶ 6. Wiesenborn had no legal right to the application of *Patrick* to his case, even if we assume purely arguendo that it had some benefit to him, because he had no appeal pending when *Patrick* was decided. *See State v. Hawkins*, 2d Dist. Clark No. 2015-CA-16 (Decision and Entry, March 2, 2022) (refusing to apply *Patrick* on delayed reconsideration and holding that the rule of *Patrick* is procedural and does not apply retroactively). Furthermore, the trial court had no authority simply to vacate Wiesenborn's sentence, which was final, and to hold a new sentencing hearing. *State v. Carlisle*, 131 Ohio St.3d 127, 2011-Ohio-6553, 961 N.E.2d 671.

(Footnotes omitted.) *Id.* at ¶ 26. Other appellate districts have considered this issue and have likewise concluded that *Patrick* cannot be applied retroactively. *See State v. Jarrett*, 8th Dist. Cuyahoga No. 111659, 2023-Ohio-811, ¶ 24; *State v. Hale*, 12th Dist. Butler Nos. CA2023-03-019 and CA2023-03-021, 2023-Ohio-3199, ¶ 11; *State v. White*, 1st Dist. Hamilton No. C-230093, 2023-Ohio-4499, ¶ 12.

**{¶ 13}** Simply put, Wampler was not entitled to resentencing because *Patrick* does not apply retroactively. However, any error in permitting a review of his sentence under *Patrick* was harmless, because the trial court imposed the same sentence as it had originally imposed.

**{¶ 14}** Wampler's assignments of error are overruled.

### III.    Conclusion

**{¶ 15}** The judgment of the trial court is affirmed.

. . . . . . . . . . . . .

WELBAUM, J. and LEWIS, J., concur.